WARREN SPRINGER

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa January 20, 1896.*

PUBLIC IMPROVEMENTS—*proof nunc pro tunc of passage of ordinance not allowed to sustain judgment of confirmation.* A certificate of the city clerk as to the passage of the ordinance for a public improvement cannot be allowed by the court to be filed *nunc pro tunc,* to sustain a judgment of confirmation entered two terms before.

APPEAL from the County Court of Cook county; the Hon. RICHARD YATES, Judge, presiding.

W. N. Gemmill, for appellant.

E. S. Metcalf, for appellee.

Mr. Justice Baker delivered the opinion of the court:

This was an application to the county court of Cook county for the confirmation of a special assessment upon the property of appellant and others, for the improvement of Canal street, between Adams and VanBuren streets, in the city of Chicago, by paving the same. The petition filed by the city referred to a paper annexed to it, which it stated was a certified copy of the ordinance authorizing the improvement, and made it a part of the petition. It was necessary that the petition should set out the ordinance, but not necessary that the copy exhibited by the petition should be certified. As matter of fact, the copy annexed to the petition was not certified to by the city clerk as being a copy of an ordinance of the city.

Appellant appeared and filed various objections, among them one putting in issue the alleged fact that the ordinance in question had been passed by the city council, and at the hearing counsel for appellant made the specific objection "that there is no evidence that the ordinance was ever passed," but the court overruled said objection and an exception was taken. The court thereupon overruled all the objections filed, as to the property of appellant, and rendered judgment of confirmation as to the same. From that judgment this appeal is prosecuted.

The substance of one of the assignments of error is, that it is not shown that the ordinance was passed or that it became a law. The existence of the alleged ordinance was put in issue, yet the bill of exceptions shows that no evidence whatever was introduced to prove that such ordinance was ever adopted by the city council or ever became or was an ordinance of the city. At a subsequent term of the county court appellee attempted to

cure this defect in the record. The judgment of confirmation was rendered on July 18, 1895, it being one of the days of the July term, 1895, of the court. Afterwards, on September 25, 1895, it being one of the days of the September, 1895, term of the court, the following order was made and entered of record: "The city of Chicago, by its counsel, then and there moved to be allowed to file an amended certificate of the city clerk as to the passage of the ordinance, as per leave granted July 16, 1895, the same to be filed *nunc pro tunc* as of that date, which leave was granted."

The record does not show that any such leave as is recited in the order of September 25, 1895, was given on July 16, 1895. Moreover, the order giving leave to inject into the record the certificate of the clerk was made at a term subsequent to that at which the cause was heard and final judgment rendered. It was then too late to introduce evidence to justify and sustain the judgment that had been entered two terms before. There must be some degree of certainty and stability in judicial proceedings. The judgment was not warranted by the record that was before the court at the time it was rendered, and the subsequent attempt to cure the defect was ineffectual. The order allowing the certificate to be filed was void, and the certificate of the city clerk filed *nunc pro tunc*, in accordance with the leave so granted, can avail nothing. The case of *Ogden* v. *Town of Lake View*, 121 Ill. 422, is an authority directly in point.

It is unnecessary to consider the other objections urged against the validity of the judgment of the county court. For the error indicated said judgment is reversed and the cause remanded.                    *Reversed and remanded.*