# The Chicago, Burlington & Quincy Railroad Co.

## *v.*

## James Magee.

| 60 | 529 |
|----|-----|
| 33a | 146 |
| 60 | 529 |
| 164 | 524 |
| 60 | 529 |
| 166 | 60 |
| 60 | 529 |
| 72a | 431 |
| 60 | 529 |
| 73a | 264 |
| 75a | 33 |

1. Pleading—*duplicity*. Where a count in a declaration averred that a railway company failed to fence its road, and that a train was run, conducted and directed carelessly, whereby plaintiff's horse was killed: *Held,* that plaintiff might recover on proving either ground; that the declaration was obnoxious to a demurrer for duplicity, but both grounds were traversed by filing the general issue.

2. Allegations and proofs. Where the plaintiff avers, in his declaration, that defendant carelessly "ran, conducted and directed" its train, it is error to instruct the jury that they might consider the condition of the brakes employed. The action was for carelessness, and not for a failure to properly equip their road.

3. It was error to instruct the jury that, if the road was not so fenced as to prevent the horse from getting upon it, they were bound, under any circumstances, to find for the plaintiff. There was evidence tending to show that the horse came upon the road through an open gate. If this was true, plaintiff could not recover, unless the gate had been so long open as to raise the presumption that the servants of the company knew it, or to charge them with negligence. The instruction excluded from the jury the consideration whether, if the horse came through the open gate, the company was chargeable with carelessness.

Appeal from the Circuit Court of Henderson county; the Hon. Arthur A. Smith, Judge, presiding.

Mr. B. C. Cook and Mr. John J. Glenn, for the appellant.

Mr. J. W. Davidson, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

This was an action brought by the appellee to recover the value of a horse killed by one of defendant's trains. The declaration has but one count, and in that the plaintiff avers a failure to build and maintain a sufficient fence, as required

34—60th Ill.

by the statute, and also avers that the defendant so carelessly ran, conducted and directed its train that it struck and killed the plaintiff's horse.

On the trial the plaintiff was permitted to introduce evidence tending to prove both the grounds of liability alleged in his declaration; and the court instructed, a recovery could be had upon either ground, if the proof was sufficient. It is now insisted this was error. The objection, however, is not well taken.

The declaration was liable to a demurrer for duplicity, in uniting in one count two causes of action. But the defendant pleaded the general issue, and on the trial of the issue thus made, the plaintiff was entitled to prove either of the causes of action alleged in his declaration.

The third instruction for plaintiff does, however, go further than is proper under the declaration. It tells the jury they may, in determining the question of negligence, consider whether the brakes were fit for use. The only common law negligence averred in the declaration is, that the defendant carelessly "ran, conducted and directed" its train. Under this averment the jury had no right to consider any carelessness there may have been in the equipment of the train with proper machinery. *Central Military Tract R. R. Co.* v. *Rockafellow*, 17 Ill. 541.

The first instruction for the plaintiff also went too far, in that the court told the jury, if they found the road was not so fenced as to prevent the horse from going upon it, "they were bound, under any circumstances, to find for the plaintiff." There was considerable evidence tending to show the horse came on the road through an open gate. If it did so, the plaintiff could not recover, unless the gate had been so long open as to justify the presumption that the defendant's servants knew that fact, or as to charge them with negligence in not ascertaining it. *Ill. Cent. R. R. Co.* v. *Swearingen*, 47 Ill. 206.

It was error, therefor, to tell the jury, if the fence was insufficient, their verdict must be for the plaintiff, under any

circumstances. This instruction excluded from their consideration the important question whether, if the horse came through the open gate, the defendant was chargeable with carelessness in connection with that fact.

For these errors, the judgment must be reversed and the cause remanded.

*Judgment reversed.*