Spear, C. J.
The action below was William Lennox against Joseph R. Megrue and N. E. Matthews as receivers of the Ohio Southern Railroad Company, to recover the value of two horses killed on the line of the railroad.
In his petition the plaintiff charged that the horses escaped through their enclosure without fault or knowledge of the plaintiff, and into an adjoining field to a point on the farm of one Worthen, on the railroad, where the defendants had failed to maintain a fence'sufficient to turn stock, and by *480 reason of said omission of the defendants to fence the line of the railroad, the horses without any fault of plaintiff, strayed upon the line of the railroad and were run against and killed by a locomotive and cars managed by defendants’ agents and' servants. No other negligence was ¡alleged, nor was any cause for the killing of the horses averred except their straying upon the track by reason of the failure by the receivers to maintain a fence sufficient to turn stock.
These allegations were denied by the answer.
At the trial, the plaintiff offered testimony tending’ to show that during- the night season the horses got from plaintiff’s field, into which they had been turned to pasture, and into the field of Worthen, by reason of the bars between the two fields having been thrown down, and that from the field of Worthen they straj^ed upon the railroad -track through a gate leading to a farm crossing which had been put in by the company for the accommodation of Worthen, who owned land on both sides of the railroad.
To the evidence respecting the gate and the passing of the horses throug-h it, the defendants objected and excepted. Plaintiff’s evidence tended to show that the railroad land was fenced upon each side of its track, and that this fence was not down at any point, and no claim was made that the horses got upon the track save through the gate. No testimony was offered tending to show that the gate was out of repair, nor that the defendants were in any way responsible for the gate being open, nor that they had knowledge that it was open.
At the conclusion of plaintiff’s testimony defendants moved to arrest the case from the jury, *481 which, motion was overruled. A verdict for plaintiff followed, and a motion for new trial being overruled, judgment was entered on the verdict, which was affirmed by the circuit court. Grounds of error alleged are the admitting of incompetent evidence, the overruling of the motion in arrest and the overruling of the motion for a new trial.
Having in mind that one of the essential rules of pleading is that the facts constituting the cause of action must be distinctly stated in the petition in order that they may be Understood by the party who is to answer them, it is plain that this rule is not satisfied in the present ease by the allegation charging a failure to maintain a fence sufficient to turn stock unless it can be shown that, within the meaning of our statute, a gate is a part of a fence in such sense that there is placed upon the company the duty of care and watchfulness with respect to it equivalent to its duty in that regard concerning the maintenance of a fence. The affirmative of this, we think, cannot be maintained. Our statute imposes upon railroad companies the duty of fencing their lines, but it also recognizes the right of land owners whose premises adjoin both sides of a railroad to have a crossing for their accommodation, where they cannot be accommodated by a public crossing, and makes provision for enforcing’ this right: In the nature of things such a crossing cannot be of use unless some method of getting through, the fence is provided, such as bars or a gate. When such bars or gate are constructed the duty of keeping- the same closed, save when in use, primarily devolves upon the land owner, and not upon the company, and the mere fact that a gate is. found open does not impute negligence to the company. Ill. Cen. R. R. *482 Co. v. McKee, 43 Ill., 119; C. B. & Q. R. Co. v. Magee, 60 Ill., 529.
These considerations make it clear, we think, that a gate is not a part of a fence in such sense as that an allegation of a failure to maintain a fence is the equivalent of an averment of negligence in carelessly allowing a gate to remain open; that is, a fence is not out of repair, nor can it be so presumed merely because a gate is carelessly left open. R. R. Co. v. McKee and R. R. Co. v. Magee, supra.
Issue was taken upon the condition of the fence and none respecting the gate. Hence the rule which requires testimony to be confined to matters in issue was violated by admission of testimony tending to show that the gate was open and that the horses got upon the track by that means. It was, therefore, error to overrule the defendant’s objection to that testimony, as well as error to overrule the motion for new trial, and clearly prejudicial error. This conclusion. would require a reversal of the judgment. But the court also overruled the motion of the defendants to arrest the testimony from the jury interposed at the conclusion of the plaintiff’s case. The gravamen of the action was, as we have found, neglect in not keeping the fence in repair, and the testimony tending to show that the gate was carelessly left open not tending in any way to sustain this charge, and there being no testimony of any kind tending to support it, but in fact an admission by plaintiff on the stand that the fence itself was in repair, the plaintiff’s case wholly failed for want of evidence, and the motion should have been sustained. For these errors the judgment below will be reversed and judgment entered here for plaintiff in error.

Beversed.