### Republic Iron and Steel Co. v. Sigmond Radis.

1. INSTRUCTIONS—*Upon Matters Inadmissible in Evidence under the Pleadings.*—It is error to instruct the jury upon matters inadmissible in evidence under the pleadings, when proper objections are made, even though the court admits evidence against the objections.

**Trespass on the Case,** for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. · Opinion filed March 2, 1903.

A. & J. F. LEE and C. E. POPE, attorneys for appellant.

ALEXANDER FLANNIGEN and B. H. CANBY, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

Appellee was injured while in the employ of appellant in the capacity of assistant shearman. A judgment for the sum of $1,200 was rendered against appellant after a remittitur of $600 had been entered.

The injuries were received on the 27th of March, 1901, some time near twelve o'clock at night. Appellee had been employed some months in the capacity of a common laborer, and there is evidence tending to show that he had, prior to that time, done the particular work which he was doing when he was hurt. Appellant, in its shops, operated a shearing machine, for the purpose of cutting scrap iron and billets into required lengths, the machine being operated by steam. At the particular time in question, a billet, variously estimated to be from twelve to twenty-four feet long, and from one and a half to two

and a half inches thick, was at the machine to be cut. The billet was placed on "horses," with iron rollers, lengthways against the jaws of the shears. Appellee's duty required him to help push the billet under the shears. Joe Daniels was shearman in charge of the machine, and he had authority to direct the appellee about the work; his duties further required him to see that the billet was cut into required sizes, and to turn on the steam to furnish power for the shears. After the billet was adjusted under the shears, the upper jaw would descend, and the pressure would lift the end of the billet where appellee was working, until arrested by a guard. In order to avoid trouble, it is necessary that the assistant shearman should lift that end of the billet up at the same time that the upper jaw descends.

Appellee had often seen the shears work, and he had noticed that the end of the billet which is away from the shears would raise up. From his own testimony he seems to have been bending over the billet at the time the shears came together, and it was at this time he received the injury.

The declaration filed contains allegations which are both immaterial and unsupported by proof, a fact admitted by counsel.

The negligence alleged is that "the said foreman (Daniels) then and there negligently and carelessly ordered and commanded the plaintiff, under threat of immediate discharge if he failed or refused to do so, to lift up said piece of iron, to guide and push it through said machine."

During the progress of the trial, counsel for appellee asked Thomas, the superintendent of appellant, the following question: "In order that the assistant shall not get hurt by the piece of iron flying up, is it not necessary that he should know that if he does not hold his end of the piece of iron up, it is liable to fly up? should he not know that, in order to protect himself?"

Counsel for appellant made the following objection: "There is no allegation here of want of proper instruc-

tions. I object to that as incompetent, irrelevant and immaterial to any issue of the case." The court overruled the objection, and the witness answered : " He should know that, in order to protect himself."

At the close of plaintiff's evidence, and at the close of all the evidence, the defendant asked peremptory instructions, to find the issues for the defendant; each request was denied. At the instance of the appellant, the court gave the following instruction to the jury on the merits of the case :

" Although the jury may believe from the evidence that the defendant was guilty of negligence upon the occasion in question which contributed directly to the injury complained of, yet if they further believe from the evidence that the plaintiff was also guilty of negligence which contributed directly to the injury, then the plaintiff can not recover in this suit."

Another instruction, submitting the question of general negligence, was likewise given the jury at the instance of appellant, and the contention of appellee is, that even if the question and answer given were incompetent under the issues made by the declaration, the defendant abandoned the issues as made by the pleadings and submitted the issues as made by the evidence, and that for such reason the error is waived. For the support of that position the case of Illinois Steel Co. v. Novak, 184 Ill. 501, and Chicago & Alton R. R. Co. v. Harrington, 192 Ill. 9, 27, are referred to. In both of these cases the evidence on which the instructions were based was admitted without objection; in the case at bar a specific objection was made to the evidence, and the objection was further available under the peremptory instructions asked. The objections did not go to a mere variance of the proof but to the negligence charged.

Negligence in giving orders is essentially different from negligence in failure to instruct an ignorant servant. A servant may be injured through a negligent order, whether he has been properly informed of danger or not. It is error to instruct the jury upon matters inadmissible in

evidence under the pleadings, when proper objections are made, even though the court admits the evidence against the objection. Illinois Central R. R. Co. v. McKee, 43 Ill. 119.

For the error indicated, the judgment of the City Court of East St. Louis is reversed, and the cause is remanded to that court.