## STONEBRAKER, Respondent, v. CHICAGO & AL-TON RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, February 21, 1905.

1. **RAILROADS:** Killing Stock: Prima Facie Case. In an action against a railroad company for damages on account of killing plaintiff's mare, under a statute allowing compensation to owners of stock killed by an engine or train, evidence that the mare was found lying on the right of way near the track with her head badly bruised and one eye knocked out of its socket, is sufficient to support a finding that the mare was killed by an engine or train.

2. **FOREIGN STATUTE:** Remedial Statute. A statute of another State, allowing single damages against a railroad company as compensation for killing stock, is not penal but remedial and may be sued on in this State.

3. **PLEADING:** Variance: Special Act of Negligence. In an action against a railroad company for killing plaintiff's mare, under a statute allowing damages to owners of stock killed by an engine or a train at any point along the right of way where the right of way is not fenced as required by law, a petition which alleges negligence in failing to construct and maintain a lawful fence is not supported by proof that the mare got upon the right of way by coming through a gate which was left open an unreasonable time—the gate and fence being lawfully constructed under the statute.

Appeal from Louisiana Court of Common Pleas.—
*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Scarritt, Griffith & Jones* for appellant.

(1) The Illinois Act which is the basis of this suit is a penal statute, a police regulation. Railroad v. Warrington, 92 Ill. 157; Railroad v. Jacksonville, 67 Ill. 37; Railroad v. Russell, 115 Ill. 52. (2) It is

held by the courts both of Missouri and of Illinois that
penal statutes are local and not enforceable outside of
the jurisdiction enacting them. Kimball v. Davis,
52 Mo. App. 212; Tel. Co. v. Bank, 74 Ill. 217;
Sherman v. Gassett, 4 Gilm. (Ill.) 521; Barnes v.
Whittaker, 22 Ill. 606; 16 Ency. Pleading and Practice,
248. (3) The demurrer to the evidence should have
been sustained by reason of the failure of plaintiff to
prove that his horse was killed by actual collision with
one of defendant's trains. Stump v. Railway, 84 Ill.
App. 28; Schertz v. Railway, 117 Ill. 577; Hesse v.
Railway, 36 Mo. App. 163. The court erred in giving
plaintiff's instruction ''A.'' By plaintiff's instruc-
tion ''A.'' the jury were told that if they believed that
the statute of Illinois in question was then in force,
''and that defendant failed to comply with the pro-
visions of said statute, and that by reason of such fail-
ure of defendant plaintiff's horse got upon defend-
ant's railroad and was thereby killed, your verdict must
be for the plaintiff.'' This instruction is erroneous,
in that it leaves the construction of this statute to the
jury, whereas its interpretation is a question of law
for the court. (4) Instructions should be based
upon the pleadings. Plaintiff cannot allege negli-
gence in one respect and recover for negligence in a
different respect. Gessley v. Railway, 26 Mo. App.
156; Kenny v. Railway, 70 Mo. 252; Hassett v. Rust,
64 Mo. 325; Abbott v. Railroad, 83 Mo. 271. This in-
struction is further erroneous in that it permits plain-
tiff to recover if his horse was killed *in any manner*
upon defendant's right of way, while, in law, his right
to recover depended upon the horse being killed by an
actual collision with a railroad train.

*Matson & May* for respondent.

(1) Under the act of April 20, 1891, a plaintiff
may maintain in the courts of this State suits upon

any cause of action that may have been accrued to him under the law of any other State. Riley v. Receivers, 72 Mo. App. 280. In the above case the court further says: "Whatever now may have heretofore been the rule of comity between the States as to the enforcement of causes of action accruing in foreign jurisdictions the statutes above quoted settle the rights of the parties here, and unquestionably establish the right of plaintiff to maintain this action." Jones v. Railway, 178 Mo. 528, 77 S. W. 890; Hudson v. Railway, 53 Mo. 525. The statute authorizing judgment against a railroad company for killing stock is compensatory in giving the owner of animals injured the right to recover the damages sustained, and in this regard is to be construed like any other statute. Parish v. Railroad, 63 Mo. 284. (2) The statute for recovery of single damages against railroad companies for the killing of stock does not provide for an exclusive remedy but is cumulative and does not displace the common law in the situation to which it applies, and under a general allegation of negligence, the plaintiff may succeed either by proving negligence at common law or by proving the constructive statutory negligence. The plaintiff can, under an allegation of negligence at common law make out a case by giving either evidence which would be evidence of negligence at common law, or evidence which is made presumptive evidence of negligence under the statute. Hill v. Railway, 49 Mo. App. 526, 66 Mo. App. 184, 121 Mo. 477; Hurley v. Railway, 57 Mo. App. 675. (3) If an animal comes upon the track of a railroad and is killed, when such track might be lawfully fenced, the railway company is liable regardless of the question of negligence. Vanderworker v. Railway, 51 Mo. App. 166; Biglaw v. Railway, 48 Mo. 510; Smith v. Railway, 91 Mo. 58, 3 S. W. 836.

GOODE, J.—This is an action for the value of a mare alleged to have been killed by an engine of the defendant company. The cause of action originated in the State of Illinois and is founded on a statute of that State giving single damages to the owners of stock killed by an engine or a train of a railway company at any point along the line where the right of way is not fenced as required by law. It is said there was no evidence to show that the mare was struck by a train, which must have been shown to bring the case within the Illinois statute. The mare was found lying on the right of way near the track, with her head badly bruised and one eye knocked out of its socket. This and other facts in proof were sufficient in our judgment, to support a finding by the jury that the mare was killed by an engine or train.

It was said that the statute was a penal one and not enforceable outside the State of its enactment. Decisions of the Supreme Court of Illinois are cited on the proposition. The statute in question allows single damages by way of compensation. The decisions cited refer to a double damage statute. [Railway v. Warrington, 92 Ill. 157; Railway Co. v. Russell, 115 Ill. 52.]

The petition avers that the place where the animal went on the railway right of way and where it was killed, was not a point where the railroad was enclosed by a lawful fence. We will quote the language used:

"That at the place at which plaintiff's said animal went upon the said railroad; to-wit, near said Quincy Junction, in said Pike county, Illinois, and where it was injured and killed by the engine and cars on said railroad, was not at a point where the railroad was enclosed by a lawful fence, not at the crossing of any public road or highway, nor within an incorporated city, town or village; that said animal was injured and killed at a place where the defendant

might lawfully have erected and maintained fences on the sides of said railroad, and constructed cattle-guards sufficient to prevent animals from getting on the railroad, but defendant had failed and neglected to construct and maintain fences, gates and cattle-guards at said place, as required by said statute of the State of Illinois.''

Testimony was elicited at the trial which tended to show the mare went on the track through an open gate at a place where the right of way was lawfully fenced, instead of where no fence had been constructed and maintained. This evidence was objected to because the petition did not allege the gate was left open. On this evidence the jury was instructed, in substance, that the statute required the defendant to maintain fences with gates therein at farm crossings and that the gates were part of the fences; that it was part of the statutory duty of the railroad company to maintain the gates in repair and keep them closed so as to protect stock from getting on the track through them as well as at other places, and if the jury believed the horse got on the track through the gate and the gate was left standing open so long before the accident that the defendant knew it was open, or by the exercise of ordinary care could have discovered it was in time to close it before the mare went through, and that by reason of the defendant's neglect to close it, the mare got on the track and was struck and killed by an engine, the defendant was liable. That instruction is assailed as erroneous because it allowed a verdict for the plaintiff outside the allegations of the petition. It is said the petition counts, not on the negligence of the defendant in leaving the gate open where the right of way was enclosed lawfully, through which open gate the mare passed on the right of way, but on a failure to construct and maintain a lawful fence where the mare went on track. This point has merit. Plaintiff's petition not only contains no averment of facts

to constitute a case based on the negligence of the railroad company in leaving a gate open an unreasonable time where the right of way was enclosed by a lawful fence, but excludes the supposition that the mare entered at a gate in the fenced portion of the track. Letting the right of way remain unfenced or badly fenced, affords a case for damages for stock killed by a train as the result of a railway company's default. So does neglect in letting a gate stand open where a good fence is maintained. But the two causes of action call for proof of facts to support them so different that the statement of either cause is no notice to a defendant that the other will be relied on for a verdict, but is impliedly notice that it will not be. How can a company sued for killing stock which went on the track where there was no fence or an insufficient one, anticipate proof that the stock entered through an open gate where the track was well enclosed? In preparing to defend against a charge of not fencing, the company would look for evidence to show it maintained a fence in good order at the designated portion of its right of way; whereas, to clear itself of the charge of negligently leaving a gate open it would need no such evidence, but, instead, evidence of entirely different facts. The instruction complained of submitted an issue incompatible with the issues tendered in the petition. It was prejudicial to the defendant and, as the pleadings stood, erroneous. [Gessley v. Railroad, 26 Mo. App. 156; Schawacker v. Dempsey, 83 Mo. App. 342.] This very question was passed on in Illinois, etc., Railroad v. McKee, 43 Ill. 119. The animal killed in that case got on the railway company's track through a gate at a farm crossing said to have been negligently left open. The declaration merely averred the railroad company neglected to maintain and keep in repair its fences on the right of way and by reason thereof the horse strayed on the track and was killed. There was no allegation that the gate

through which the horse entered was not kept closed. Nevertheless, the court permitted a recovery for negligence in the latter regard and refused to instruct, as requested by the railroad company, that there could be no recovery on that ground. Besides, evidence that the gate was negligently left open was admitted over the objection of the company. The opinion said the gravamen of the action was neglect to keep the fence in repair, and was not maintained by proof that a gate was carelessly left open; that leaving the gate open was a good cause of action, but entirely different from one for failing to maintain a good fence. In the case at bar not only was the instruction whose substance we have stated, given, but one excluding a recovery on the ground that the plaintiff's mare entered the right of way through an open gate, was refused. We are cited to two decisions in this State supposed to justify the ruling of the circuit court. [Duncan v. Railroad, 91 Mo. 67, 3 S. W. 835, and Woods v. Railroad, 51 Mo. App. 500.] In this State as in Illinois, the statute provides for the construction and maintenance along railroads of good gates, as well as fences, and the gates are regarded as part of the fences. [Morrison v. Railroad, 27 Mo. App. 418; Wabash Railway v. Perfex, 57 Ill. App. 62.] It is the duty of a railroad company to use reasonable diligence to keep the gates along its right of way securely closed. [Woods v. Railroad, supra; Peoria, etc., Railway v. Babba, 23 Ill. App. 459; Railroad Co. v. McKee, supra.] The Duncan and Woods cases enforce the duty of railroad companies to maintain gates, as well as fences, in good repair, and hold that on a complaint that a railroad company failed to maintain lawful fences, cattle-guards, gates and openings, the plaintiff may prove a failure either to maintain a proper fence, gates or cattle-guard, in consequence of which his animal got on the track and was killed, and that proof of either would entitle him to a verdict. In each case a gate

was out of repair and, in consequence of its defective state, the animal killed got through it on the right of way. As the gate was part of the railroad company's fence, letting it be out of repair was letting the fence be out of repair. To ascertain whether those cases furnish the rule of decision for this one, we must bear in mind that the gate in question was not out of repair, nor is the contention preferred that it was. It was in good order. The position of the plaintiff is that it was carelessly left open by the servants of the railroad company an unreasonable time and in consequence of that neglect his mare went through it and was killed. We do not understand the above cases to hold such proof is admissible under an allegation of failure to fence or to maintain a good fence. If the gate had been out of order and the mare got through it because it was out of order, these facts would support an averment that the defendant company had failed to maintain a good fence; but as the gate was in perfect condition, the only dereliction shown in regard to it was carelessly leaving it open. We think the case stated was in no way supported by that fact.

The judgment is reversed and the cause remanded. All concur.