## William Guianios, Administrator, Appellee, v. DeCamp Coal Mining Company, Appellant.

1. NEGLIGENCE—*failure to provide brakes*. *Held*, under the facts, that it was negligence to permit a loaded car to start down a track from a tipple without providing for its control by brakes or in some other manner and thus prevent possible injury by collision with other cars or otherwise.

2. CONTRIBUTORY NEGLIGENCE—*when not established*. An employe engaged at his regular work upon a railroad track, *held*, under the evidence, not guilty of contributory negligence when injured by being struck by a loaded car coming down such track not under control, it not appearing that he knew that the car had been started down the track or that he saw it or had heard the warning given.

3. EVIDENCE—*what proof to rebut negligence properly excluded*. Proof which tends to rebut negligence not charged or relied upon is properly excluded.

4. VARIANCE—*what does not constitute*. If the declaration alleges that the defendant "negligently, carelessly and *wilfully*" did the things complained of, the absence of proof of wilfulness is not fatal.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison county; the Hon. J. E. DUNNEGAN, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

C. H. BURTON, for appellant.

GEORGE I. HAIGHT and D. H. MUDGE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee under the statute, to recover damages to the next of kin, by reason of the death of Gust Antonopoulos, who was killed through the alleged negligence of appellant. At the time of his death Antonopoulos was in the employ of the Wabash Railroad Company, as a member of the section crew at. Worden, Illinois, and this suit was originally brought against appellant and the Wabash

Railroad Company. After the jury was called a non-suit was taken by appellee as to the railroad company and the suit proceeded against the mining company alone.

The declaration charged that Antonopoulos was ordered to help move a coal car on a track at appellant's mine and that while he was do doing appellant negligently, carelessly and wilfully caused and permitted a certain other coal car to be placed upon a track running alongside of the one where decedent was ordered to work, without setting the brakes on said car or otherwise securing the same so that it would not roll and collide with the car decedent was ordered to work at; that by reason of the failure to secure said car on the track next to the one where decedent was working, said car struck a third car which was thereby set in motion and caused to collide with the car at which decedent was at work; that decedent was caught and crushed between the colliding cars and sustained injuries from which he in a short time subsequently died. There was a plea of general issue. Verdict and judgment in favor of appellee for $2,000.

At the time of the injury, as it appeared from the proofs, appellant operated a coal mine between Worden and Staunton, in Madison county, Illinois. The Wabash Railroad had tracks over which it delivered cars to and received them from the mine. West of the main track at the mine were four coal tracks which were numbered from the west 1 to 4. These tracks had a downward grade south and passed over a sub-switch track onto the main switch track and thence to the main track. On the morning of September 14, 1907, the railroad company sent three crews of section hands, to one of which Antonopoulos belonged, on the wrecking car to replace a car that had left the switch track and repair the track where it was derailed. After this work was accomplished the men were placed at repair work at the switch track. To do

this work it became necessary to move a car of slack, which was then set at the switch with its north trucks on track No. 4, back on to the said last named track. At that time there was also a loaded car standing just north of the switch on track No. 3, the south end of which was just west of the north end of the car to be moved on to said track No. 4. The tracks where the two cars were placed converged, so that if the car on No. 3 should be pushed toward the switch, it would strike the southwest corner of the other car. For the purpose of moving the car on track No. 4 the men were distributed along its sides, some with pinch bars and others to push. Antonopoulos was placed on the west side of the car with two men to the south of him and one to the north. He had his shoulder to the car pushing and occupied such a position that his view up track No. 3 was obstructed by the car located thereon. While the men were so working and had moved the car five or six feet, another car of coal was started south from the tipple down track No. 3. A servant of appellant was on the car and tried to set the brakes but they would not hold. He then got down and tried to stop it by putting blocks of wood on the track under the wheels but they also failed to stop the car and it rolled down onto and struck the other car on the same track with such force as to start it also to moving south. As a result, Antonopoulos was caught between the last named car and the car at which he was working and received the injuries which caused his death. After the car got beyond his control, the man in charge of it cried out a warning to the men at work with decedent some of whom heard the cry, but Antonopoulos gave no indication that he heard it. It was shown to have been the custom to "bump" a loaded car from under the tipple, by letting another car down against it; that ordinarily the brakes would hold the car after it was started, but not always, and that when the brakes would not hold, blocks of wood were used for that purpose but

they did not always prevent the car from rolling down.

The facts regarding the manner in which the injury occurred are practically undisputed and the only questions arising upon them are: was appellant guilty of negligence in permitting the loaded car to be started down the track from the tipple, without providing for its control by brakes or in some other manner and thus prevent possible injury by collision with other cars or otherwise, and was deceased at the time of and just before his injury in the exercise of ordinary care for his own safety?

It was shown by testimony introduced by appellant itself, that when the loaded cars were bumped out onto the down grade, as was the custom and as this one was done, neither the brakes nor the blocks used would always hold them under control, and under the circumstances it was clearly within the province of the jury to determine from the evidence whether appellant was negligent in failing to furnish some other and safer way of controlling and stopping the loaded cars. The preponderance of the evidence appears to us to justify a finding that appellant was guilty of negligence in the respect named. As to the other question of fact it clearly appears that appellee's intestate was working in the presence of and under the express direction of the road supervisor of the railroad company and was engaged in the work which it was the duty of the railroad company to do. There is no proof that he knew the car had been started down the track or saw it or heard the warning given, and we cannot discover that he was guilty of any negligence which contributed to bring about his injuries.

The declaration in this case charges that appellant "negligently, carelessly and wilfully" did the things complained of as having caused the death of Antonopoulos. There was no proof that the act was wilfully done and appellant claims that for that reason there was a variance between the proofs and the declara-

tion and that its motion made at the close of the plaintiff's evidence for an instruction to find the defendant not guilty, should have been given. We do not think this point however well taken, and this court has held in E. St. L. Connecting Ry. Co. v. Reames, 75 Ill. App. 28, that while a declaration averring two causes of action in one count may be bad on demurrer for duplicity, yet when the general issue is filed the plaintiff is entitled to prove either cause of action alleged. In that case the declaration alleged that the defendant negligently and wantonly caused the injury and a general verdict in favor of the plaintiff below was sustained, notwithstanding the fact there was a special finding by the jury that the defendant "did not wilfully or wantonly injure" the plaintiff, it being held that if defendant negligently caused the injury as alleged in the declaration, it was liable although the injury was not caused wantonly.

Appellant urges as error that the court refused to permit it to make proof that at various times before the accident the railroad company had made repairs and alterations on the track in the yard in the vicinity of the mine and that, while said work was going on, the mine was not required to cease work but continued in operation, and also excluded an answer which stated it was not usual or customary for the mines to cease work when work was being done by railroad men on the tracks. The charge in the declaration was not that the continued operation of the mine, while work on the tracks was being done, but that the manner in which a part of it, to wit, the moving of the car mentioned down the track from the tipple without securing it from getting beyond control, was conducted, caused the injury. It was not the continued operation of the mine and the movement of cars that is complained of, but the negligent manner in which the cars were moved; consequently there was no error in excluding evidence tending to show it was the custom

of the mine to operate while tracks were being worked upon by railroad employes.

Complaint is also made by appellant that the court erred in the giving of appellee's instruction in regard to the measure of damages. We find however that this instruction is substantially the same as one approved in Calumet v. Van Pelt, 173 Ill. 70, and C., B. & Q. Ry. Co. v. Payne, 59 Ill. 534, and is not in any way objectionable.

The judgment of the court below will be affirmed.

*Affirmed.*