WILLIAM PRUITT, Respondent, v. ILLINOIS SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 21, 1910.

1. **RAILROADS: Killing Animals: Sufficiency of Evidence: Facts Stated.** In an action against a railroad company to recover damages for the death of a mule, evidence that the mule was found lying on the track, with its side torn open and its entrails protruding; that there were indications on the track it had been struck by an engine, and evidence by a conductor of one of defendant's trains that his train struck it the night before it was found, was sufficient to prove it was struck and killed by one of defendant's locomotives.

2. ———: ———: **Fences: Double-Damage Statute.** The double-damage statute not only requires railroad companies to maintain good gates and fences, but to use diligence to keep the

gates closed; and a railroad company would be liable on the statute if an animal got upon the track in consequence of careless omission of its employees to keep a gate closed.

3. ———: ———: ———: ———: **Variance Between Pleading and Proof: Case for Jury.** In an action against a railroad company to recover double damages for the death of a mule, where the petition alleged the mule went upon the track in consequence of defendant's failure to maintain fences and gates in good condition, and the evidence did not conclusively show the mule went on the right of way through an open gate, instead of a broken place in the fence, defendant was not entitled to a directed verdict on the ground no inference could be drawn from the evidence of an omission of duty on its part.

4. **APPELLATE PRACTICE: Instructions: Invited Error.** Defendant cannot, on appeal, properly assign error on the ground the court submitted an issue outside the scope of the pleadings, where the theory of liability thus submitted was submitted at the request of defendant.

Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*W. T. Abbott* and *C. J. Stanton* for appellant.

(1) The demurrer offered by appellant at the close of respondent's case should have been sustained. Respondent offered no proof to show a collision with appellant's train or that any train was ever run over the road near where the mule was found. Gilbert v. Railroad, 29 Mo. App. 65; Lindsay v. Railroad, 36 Mo. App. 53; Logan v. Railroad, 111 Mo. App. 674; Perkins v. Railroad, 103 Mo. 52; Shaw v. Railroad, 110 Mo. App. 561. (2) All the evidence in this case went to show that the mule got on the track through the open gates, and that the open gates was the proximate cause of the accident. A complaint for not fencing, or for having a defective fence states no cause of action for leaving a gate open. Defendant's demurrer offered at close of the entire case should have been sustained. Stonebraker v. Railroad, 110 Mo. App. 497; Litton v. Railroad, 111

Mo. App. 144; Kavanaugh v. Railroad, 163 Mo. 54. (3) If an animal goes upon a railroad track in consequence of gate being left open, the construction of the gate, whether good or bad, is not the proximate cause of the accident; but the proximate cause is leaving the gate open, and plaintiff cannot be allowed to conjecture that if the gate had been closed the mule would still have entered upon the track. Dickinson v. Railroad, 103 Mo. App. 336; Kavanaugh v. Railroad, 163 Mo. 58. (4) As the evidence shows conclusively that the gates were shut at 2:45 o'clock in the afternoon of the day the mule was struck and only a few hours preceding the accident, and that the mule came upon the right of way some time during the succeeding night, by reason of the gates being left open by some third person, there is no liability on the part of the defendant. Ridenor v. Railroad, 81 Mo. 227; Binnicker v. Railroad, 83 Mo. 660; Harrington v. Railroad, 71 Mo. 384; Box v. Railroad, 58 Mo. App. 359; Stephens v. Railroad, 34 Mich. 323; Railroad v. Swearingen, 47 Ill. 206; Railroad v. Dickerson, 27 Ill. 55; Vineyard v. Railroad, 80 Mo. 92; Railroad v. Kavanaugh, 163 Mo. 54. (5) There was no evidence to indicate on the part of defendant either actual notice of the gates being open, or of sufficient time elapsing after the gates were left open, to impute notice to defendant of that fact, therefore no liability accrued to defendant on that score. Fitterling v. Railroad, 79 Mo. 504; Clardy v. Railroad, 73 Mo. 576; Case v. Railroad, 75 Mo. 668; Binnicker v. Railroad, 83 Mo. 660; Ridenor v. Railroad, 81 Mo. 227; Laney v. Railroad, 83 Mo. 466; Railroad v. Kavanaugh, 163 Mo. 58. (6) There is no substantial evidence to support the verdict in this case, and therefore the judgment should be reversed. No verdict will be permitted to stand unless it be supported by substantial evidence. Blumenthal v. Torino, 40 Mo. 159; Rea v. Furgeson, 72 Mo. 225; Crane v. Timberlake, 81 Mo. 481; Avery v. Fitzgerald, 94 Mo. 207; Long v. Moon, 107 Mo. 334; McFarland v. Accident

Assn., 124 Mo. 204; State v. Bryant, 134 Mo. 246; Hewitt v. Steele, 136 Mo. 327; Cole v. Armour, 154 Mo. 333; Ashley v. Green, 38 Mo. App. 288; Kehoe v. Phillipi, 42 Mo. App. 292; Hientz v. Mertz, 58 Mo. App. 405; Gage v. Trawick, 94 Mo. App. 307; Cook v. Railroad, 94 Mo. App. 417; Baker v. Stonebraker, 36 Mo. 345; Price v. Evans, 49 Mo. 396; Beautrain v. Railroad, 78 Mo. 44; Rosecrans v. Railroad, 83 Mo. 678; Spohn v. Railway, 87 Mo. 74; Cannon v. Moore, 17 Mo. App. 92. (7) A verdict which must have necessarily been the result of a mere guess or conjecture on the part of the jury, ought not to be permitted to stand. Moore v. Railroad, 28 Mo. App. 622; Peck v. Railroad, 31 Mo. App. 123; Peffer v. Railroad, 98 Mo. App. 291; Shertle v. Railroad, 97 Penn St. 450.

GOODE, J.—Action to recover double damages for the killing of a mule by one of defendant's trains at an unfenced point on the railway where there should have been good fences and gates. The evidence for plaintiff went to prove the fences on either side of the right of way in the vicinity of where the animal was killed were down in many places and would not turn stock. A private road crossing was nearby which communicated with the country on either side of the right of way through gates, and the evidence shows good gates, with latches and hooks, and a high swing so they could be easily opened and closed, were hung at this crossing. The testimony for plaintiff goes to prove these gates had stood open almost constantly for three or four years and in fact several witnesses who passed the spot frequently, testified they never had seen them closed. On the other hand, the evidence for the company is the gates were kept closed as much as possible by the section gang, but travelers would leave them open. The section foreman testified he closed the gates at two-forty-five p. m. on July 7, 1907, the day the mule was killed. Some of the evidence for defendant

went to prove the fence on either side of the right of way was maintained in good condition, and as to these matters there was a conflict. The mule was found lying on the track about six or seven o'clock on the morning of July 8th, with its side torn open and its entrails protruding. There were indications on the track it had been struck by an engine, and the conductor of one of defendant's trains testified his train struck it at nine o'clock on the night of July 7th. Notwithstanding this evidence we are asked to hold there was no proof one of defendant's trains collided with and killed the animal, which, of course, we decline to do.

It is contended all the evidence regarding where the mule got on the track, tended to prove it got on through an open gate, and as plaintiff had declared against defendant for not maintaining the gates and fences in good condition, instead of negligently leaving the gate open, there was no evidence to support the verdict on the ground stated in the petition. The construction put on the double-damage statute is that it not only requires a railroad company to maintain good gates and fences, but to use diligence to keep the gates closed. [West v. Railroad, 26 Mo. App. 344; Morrison v. Railroad, 27 Mo. App. 418; Woods v. Railroad, 51 Mo. App. 500.] It follows defendant would be liable on the statute if plaintiff's mule got on the track in consequence of careless omission of the company's employees to keep the gates closed. In Atchison, etc., Railroad v. Kavanaugh, 163 Mo. 54, 63 S. W. 374, the Supreme Court held that if the animal killed was shown to have gone on the track through an open gate, it was immaterial whether the gate was constructed properly or not, as the fault of construction would not be the proximate cause of the death, but carelessly leaving the gate open. Following the principle of that decision, this court held in Stonebraker v. Railroad, 110 Mo. App. 497, 85 S. W. 531, and Litton v. Railroad, 111 Mo. App. 140, 85 S. W. 978, that if a party sought to recover damages for the

loss of an animal because of a gate on a railway right of way having been carelessly left open, this fact ought to be averred, and it was not sufficient to aver failure to erect and maintain good fences and gates, for the reason that in an action of tort, it is incumbent on the plaintiff to charge the defendant with the specific omission of duty for which a verdict is expected. In the Litton case we held, too, that if the statement alleged failure to erect and maintain statutory fences and gates, then proving the animal in controversy got on the track through an open gate instead of through a defective fence or gate, did not constitute total failure of proof, but a variance, and unless the company sought to keep out the testimony by timely objection or to take advantage of the variance in the mode prescribed by statute, the judgment would not be reversed. In the case at bar no objection was made to the reception of testimony about the gate standing open, but instead defendant's counsel sought to prove the mule went on the track through an open gate, that the gate had been closed by the section foreman on the afternoon of the day of the accident, and hence defendant had performed its full duty in the matter, as the gate had been opened by some one else after it was closed by the section foreman and he had had no opportunity to discover it was open before the mule was killed. As the evidence did not conclusively show the mule went on the right of way through an open gate instead of a broken place in the fence, defendant was not entitled to an order for a verdict in its favor on the ground that no inference could be drawn from the evidence of an omission of duty on its part.

In submitting the case to the jury the instructions granted at the request of plaintiff allowed a verdict for him only in the event the jury found the mule went on the track in consequence of the failure of defendant to erect and maintain fences, cattle-guards and gates of the statutory description, therein following the aver-

ments of the petition. Nothing was said in those instructions about defendant being liable if it was found the mule got on the track through an open gate. This matter was brought before the jury by the instructions granted at defendant's request, wherein the jury were told, in substance, if the mule went on the track through an open gate, and the gate was left open by some unknown person on July 7th, the verdict should be for defendant, unless the jury found sufficient time had elapsed from the opening of the gate by such person, to the time of the accident, for defendant's employees to have discovered it was open by the exercise of ordinary diligence. This theory of liability having thus been suggested to the jury at the request of defendant, no error can properly be assigned because of the ruling.

The judgment is affirmed. All concur.