## KRETSER vs. CARY and another.

*April 23 — May 10, 1881.*

*(1) Amendment of complaint at trial.    (2). Reversal for immaterial error in admitting evidence.*

1. Where the original complaint, for work and labor, implied but did not expressly allege a special contract, and the answer set up a special contract, and alleged non-performance, an amendment of the complaint at the trial so as to set up such contract was not improperly allowed, though perhaps immaterial; and where the amendment was made orally, and not formally filed, but was taken down by the reporter, treated at the trial as made, and incorporated into the record on appeal by bill of exceptions, it is treated here as an effectual amendment to support the verdict and judgment.

2. The improper admission of evidence is not ground of reversal, where there is no reason to suppose that such evidence affected the verdict.

APPEAL from the Circuit Court for *Waushara* County.

The original complaint (in justice's court) merely alleges that defendants are indebted to plaintiff in the sum of $100 "for work and labor done and materials furnished to build a barge to put under a bridge near John Dildine's, in Waushara county, in the year 1876, and for loss of time caused by the defendants not being ready to receive said barge when built." The answer (also filed in the justice's court) alleged by way of counterclaim that the parties entered into a contract on the 8th of July, 1876, by which plaintiff, for the sum of $80, was to build for defendants a scow of a certain described character,

and put it "in proper position for making out of the bridge named in the complaint a float-bridge that could be opened for the passage of boats through the same;" and that, by reason of plaintiff's breach of the contract in neglecting to put said scow in proper position, defendants had been subjected to damages in the sum of $105.50. It further alleged that defendants had paid plaintiff $35 upon the contract, and demanded judgment against him for $60.50 and costs.

The cause was taken by appeal to the circuit court. After the jury had been called and sworn, and the case opened for the plaintiff, objection was taken to the introduction of any evidence under the complaint, on the ground that it did not state a cause of action. Plaintiff then offered to amend the complaint by declaring on a written contract entered into between the parties on the 8th of July, 1876, and averring full performance on his part, and failure to perform on the part of defendants. Defendants objected to the amendment, on the ground that it had not been reduced to writing and served upon their attorneys; but the amendment was allowed. The written contract declared upon and put in evidence provided for the construction of a scow of a certain defined character; that the same should be "put in position under the bridge at Dildine's;" and that plaintiff should do all the work required to make a good and substantial job of the same; but it did not in terms require the plaintiff to cut through the timbers of the bridge so as to let it rest upon the scow. Plaintiff testified that he built the scow according to the contract, and put it under the bridge within the time prescribed; that defendants wanted him to "stay there and cut the bridge for them;" that the authorities of the town interfered, and one Cady, chairman of the town board, "stopped the parties from cutting through;" that defendants still wanted him to cut through the bridge, but he "declined to do so" on account of the express agreement between defendants and Cary. He further testified that he thought the cutting of the bridge "was not

a part of his job under the contract." He was then asked by defendant's counsel, whether it " was not so understood when the contract was made; " but an objection by plaintiff to the question was sustained. Mr. Cady, who was chairman in 1876 of the board of supervisors of the town in which the bridge was situate, testified, in plaintiff's behalf, that there was a controversy between defendants and the town authorities about cutting the bridge, and that the contract in suit was handed to him to read at the bridge. He was then asked " Did you not say to *Mr. Kretser*, after having inspected this contract, that it did not make any difference to him — that he had performed his part of the contract, i. e., so far as cutting through the bridge was concerned?" Defendants' objection to the question was overruled; and the witness answered that he thought there was a conversation of that kind. He further testified that, by agreement between defendants and himself, the matter of cutting the bridge was delayed for the purpose of taking advice. No evidence was offered by the defendants.

The court instructed the jury to return a verdict for the plaintiff for the balance which they might find due upon the contract, with interest. Plaintiff had a verdict for $60.32; a new trial was refused; and defendants appealed from a judgment upon the verdict.

For the appellants there was a brief by *Waring & Ryan* and *Neal Brown*, and oral argument by *Mr. Brown:*

1. The court below erred in allowing the amended complaint. The complaint in justice's court, being in writing, is governed by the rules applied to pleadings in courts of record. *Maynard v. Tidball*, 2 Wis., 34; *Goodrich v. School District*, id., 102; *Lester v. French*, 6 id., 580; *Fobes v. School District*, 10 id., 217. The original complaint does not state facts sufficient to constitute a cause of action. It first alleges the indebtedness of defendants to the plaintiff. This is a mere conclusion of law. *Williams v. Brunson*, 41 Wis., 418; *Robbins v. Lincoln*, 12 id., 9; *Lienan v. Lincoln*, 2 Duer, 670;

*Thurber v. Jones,* 14 Wis., 16; Bliss on Code Pl., 212. Such an allegation is of no avail unless supported by a statement of particular facts. *Seely v. Hills,* 44 Wis., 484; *Williams v. Brunson, supra; Branham v. San Jose,* 24 Cal., 585. No consideration is stated. *Thurber v. Jones,* 14 Wis., 16; *Briggs v. Seymour,* 17 id., 255; Bliss on Code Pl., 268. If the complaint does not state a cause of action, it is not amendable. This was the rule under the statute of *jeofails,* and the code has not changed it. *K. v. H.,* 20 Wis., 252; *Johnson v. Johnson,* 4 id., 135; Bliss on Code Pl., 440. It was error to allow the amendment, for it attempts to set up a distinct cause of action, arising upon a special contract. This would not be amendment, but substitution. *Sweet v. Mitchell,* 15 Wis., 641; *S. C.,* 19 id., 524; *Johnson v. Filkington,* 39 id., 62; *Woodruff v. Dickie,* 31 How. Pr., 165; *Stevens v. Brooks,* 23 Wis., 196; *Larkin v. Noonan,* 19 id., 82. See also *Mock v. Erdmann,* 28 Wis., 113; *Eilert v. Oshkosh,* 14 id., 586. 2. The court erred in permitting the amendment to be made orally. Such oral amendment, not being a part of the record, should be disregarded on this appeal. See *Flanders v. Wood,* 24 Wis., 572. 3. The court erred in refusing leave to answer the amended complaint. *Union Bank v. Mott,* 19 How. Pr., 267; 4 Wait's Pr., 653; 1 Tidd's Pr., 708; *Yates v. French,* 25 Wis., 661.

The cause was submitted for the respondent on the brief of *R. L. D. Potter* and *T. H. Walker.*

ORTON, J. As we understand the record, there are only two questions of law before this court in this case: *first,* whether the amendment of the complaint stated by the plaintiff's attorney in open court, and taken down by the reporter at the time, was sufficient to warrant the trial and verdict; and *second,* whether the admission of the testimony of Cady, chairman of the board of supervisors, as to his advice to the

plaintiff as to what his contract did not require him to do, was error.

The original complaint, for work and labor upon a certain barge, may or may not have been sufficient, but there is an allegation that clearly implies that the work was done under a special contract, viz., "for loss of time caused by the defendants not being ready to receive said barge when built." The amended answer sets up a certain contract under which it is implied that this work was done, and charges non-performance and damages therefor, and for overpayments thereon. The amendment of the complaint consists of setting out this contract and predicating the cause of action thereon.

After the answer, virtually admitting that the work was done under this contract, it is questionable whether any amendment of the complaint was necessary; but if in form proper to be made, it was quite immaterial, as it did not change the issue or require any further answer. The amendment was made on the trial, and to save delay was stated verbally and taken down by the reporter. We can see no objection to this practice, if finally the amended complaint is made a part of the record. It was treated at the time as made and incorporated; but, if not formally filed, that omission has been now supplied by the bill of exceptions, which has made the amendment a part of the record; and as the record now stands it will support the verdict and judgment. The testimony of Cady, the chairman of the board, as to his advice in construing the contract, may have been strictly improper. It does not appear from the case how the town stood related to this contract for putting a barge under a bridge; but it would appear as if the authorities of the town might properly direct as to the cutting of the bridge. But his testimony was quite immaterial, and we cannot find that it affected the verdict. It was sufficiently proved that the plaintiff performed the contract, and was entitled to a verdict for the contract price and interest; and

there does not appear to have been any substantial or material error committed by the rulings of the court.

*By the Court.*—The judgment of the circuit court is affirmed.