JONATHAN OGDEN

*v.*

TOWN OF LAKE VIEW.

*Filed at Ottawa September 27, 1887.*

1. SPECIAL ASSESSMENTS—*requisites of the ordinance, as to character, description, etc.* An ordinance for the construction of a system of sewerage, which fails to specify the nature, character, locality and description of the man-holes and catch-basins, is invalid, and can not be made the basis of special assessments.

2. SAME—*of the petition—its requisites—recital of ordinance.* A petition to the county court for the assessment of the cost of a local public improvement, containing a recital of the ordinance, is the foundation of the application, and if it fails to contain such recitals, it will confer no authority on the court to act.

3. AMENDMENT—*leave to amend is not an amendment of itself—of amendment of record pending appeal or error.* The grant of leave to amend a petition for the levy of special assessments, does not amount to an amendment. Under such leave, the party is not bound to make the proposed amendment, and after judgment and writ of error brought, the record can not be so amended by showing an amendment to the petition.

4. While, within certain limitations, a record, even after appeal or writ of error, may, upon proper notice, be so amended as to make it truly state what actually occurred in court, and which should have been entered of record at the time, it can not be amended by interpolating into it matters that did not actually take place. That would be to make a new record.

5.   Leave was granted to a petitioner to amend his petition, which was not done.   After judgment and writ of error brought, the record was amended by showing the interpolation of the proposed matter in the petition:   *Held,* that such amendment was unauthorized, and could not be considered.

WRIT OF ERROR to the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. WILSON & MOORE, for the plaintiff in error.

Mr. H. H. ANDERSON, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This writ of error brings before us, for review, a judgment of the county court of Cook county, confirming a special assessment made by the town of Lake View, for the purpose of constructing and maintaining a connected system of sewers in and along certain streets and avenues in said town.   It appears from the supplemental record, filed after the cause was taken on call in this court, that while it was pending in the county court, to-wit, on the 20th of September, 1886, the defendant in error, by its counsel, applied to the court for leave to amend the petition by adding thereto, with proper reference therein, an ordinance of the town of Lake View, entitled "An ordinance for the construction and laying of sewers and drains in the town of Lake View, and to regulate the same," approved July 21, 1882, and that the county court thereupon granted such leave.   But it further appears, that no such amendment was in fact made, and that the court, acting upon the hypothesis that the amendment had been made, proceeded in the cause to final judgment.

It is clear that the ordinance set out in the original record, which provides for the construction of certain sewers, manholes and catch-basins, does not, so far as the man-holes and catch-basins are concerned, conform to the requirements of section 135 of the City and Village act, in this: that it fails to

specify "the nature, character, locality and description of the improvement." It has been repeatedly held that an ordinance which does not do this is invalid, and that any assessment founded upon it is equally so. (*Levy* v. *City of Chicago,* 113 Ill. 650; *City of Sterling* v. *Galt,* 117 id. 11; *City of Kankakee* v. *Potter,* 119 id. 324.) That the ordinance last passed, and which alone was set out in the petition, was not sufficient in the respect mentioned, is, in effect, conceded by the filing of the supplemental record, which it is claimed cures the defect in question.

In the view we take of the case it is unnecessary to express any opinion upon the question whether an ordinance providing for the construction of a local improvement like the present, will be sufficient, which merely refers to some other ordinance for a description of the nature and character of the improvement, for, conceding that would be a substantial compliance with section 135, above referred to, still we do not think the judgment in the present case can be sustained upon that theory. It is evident that the view suggested can only be sustained upon the theory that by such reference the ordinance, or such part or parts as are referred to, are incorporated into and become a part of the ordinance containing such reference, and so, being a part of it, must be set out in the petition, as required by section 138 of the act in question. (1 Starr & Curtis, p. 494.) The petition containing a recital of the ordinance, as contemplated by that section, is the foundation of the proceeding before the county court, and where it fails to contain such recital it will confer no authority on that court to act at all.

That at the time the judgment in this case was rendered, the ordinance of July 21, 1882, was not recited in or annexed to the petition, as required by section 138, is a conceded fact; and such was the case at the time the present writ of error was sued out. Moreover, the only fact shown by the supplemental record is, as already stated, that leave was granted

defendant in error to amend its petition by making the ordinance last above named, a part of it. The granting of such leave certainly had no other effect than to confer on defendant in error the power to make such amendment. After obtaining such leave the defendant in error was not at all bound to make the amendment, and until it was made, the petition remained just as it was before the application was made, and so it remained until the suing out of this writ of error. To permit the amendment to be made afterwards, was simply to permit the making of a new record. This, of course, can not be permitted. While, within certain limitations, a record, even after error brought, may, upon proper notice, be so amended as to make it truly state what actually occurred in court, and which should have been entered of record at the time, yet it can not be amended for the purpose of interpolating into it matters which did not actually take place. If orders of the court could be entered *nunc pro tunc,* as was attempted to be done in this case, so as to cure mistakes of the parties or their counsel, or to interpolate into the record orders which the court intended to make but in fact never did make, no one would be safe in appealing from an adverse decision. That this can not be done is too plain to admit of serious discussion, and is fully settled by the authorities. Freeman on Judgments, sec. 68.

The judgment in this case not being warranted by the record before the court at the time it was rendered, and the subsequent attempt to cure the defect in the proceeding not being authorized by the general principles of law relating to amendment of records, it follows it must be reversed. It is therefore ordered that the judgment of the county court be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*