THE WISCONSIN CENTRAL RAILROAD COMPANY

v.

JOHN WIECZOREK.

*Filed at Ottawa, May 8, 1894.—Rehearing denied, October Term, 1894.*

1. PRACTICE—*directing what the verdict shall be.* Where a declaration in an action against a railway company in one count alleged that defendant's railroad was constructed and operated in R. street, in front of and adjacent to and within ten feet of plaintiff's property; the second count, in addition, charged that the defendant, by the operation of its engines, etc., in said street, obstructed the street in front of plaintiff's premises, etc., and there was not shown a scintilla of evidence introduced by the plaintiff tending to show that any part of defendant's railroad was in that street, but all the evidence showed conclusively that the railroad was not in such street, or any part thereof, but beyond and north of said street, it was held error for the court to refuse an instruction asked by defendant to instruct the jury to find for the defendant.

2. SAME—*leave to amend declaration—not availed of.* Where a plaintiff obtained leave of the trial court to amend his declaration, by adding certain words, which were shown by the bill of exceptions, as well as where they were to be inserted, but he failed to make the amendment, leaving the declaration just as it was, it was held that this court could not treat the amendment as being made.

3. If a party for any reason disregards the leave given to him by the trial court to amend his pleading, so as to make it correspond with his proofs, and omits, without justifiable cause, the due incorporation into the record of the amendment, pursuant to the leave, this court, *sua sponte,* has no authority to carry out the leave by making his amendment for him.

4. A party after attaining leave to amend his declaration is in no wise obliged to exercise the privilege given, and make the amendment. Until the amendment is in fact made, his declaration will remain the same as if no leave to amend it had been given.

5. PRACTICE IN THE SUPREME COURT—*amending the record of the trial court.* While this court, when the omission from or mistake in the record affecting the rights of a party is that of the trial court or its officers, may make such proper order as will enable the party to supply the omission or correct the mistake in the court below, and require, by *certiorari,* due transmission of the corrected or amended record to this

court, yet no power is inherent in this court to amend the record, for the purpose of interpolating into it matters which did not actually occur, or to incorporate that which was intended to be, but not, in fact, made a part of the record.

6. Pleading—*description of locus in quo—variance.* Description of the *locus in quo* by the pleader in an action on the case against a railroad company to recover damages to real estate, is legally essential and of the substance of the action. When the pleader makes a specific local description, which is of the substance of the right to recover, it must be proved as laid.

7. The general rule is, that where a description is alleged which serves to identify that which is legally essential to the claim or charge, the allegation can not be rejected, but must be supported by proof. The reason for the rule in all cases, doubtless, where the *locus in quo* becomes material, is that it would be prejudicial to the rights of the adversary for a party to allege one description of that which is of the subject-matter, and be permitted to prove another, and that the record would afford but very uncertain evidence as to identity, should the matter be again in litigation.

8. Same—*adherence to general rules.* Rules of proceeding, found by long judicial and practical experience to be indispensable to remedial practice, are not to be disregarded, especially in cases where their applicability is plain and unquestionable. They have been adopted for the purpose of expediting the business of the courts, to secure certainty, accuracy, order and uniformity, in the dispensation of public justice, and are to be carefully observed.

Appeal from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. R. W. Clifford, Judge, presiding.

This was an action on the case in the Circuit Court of Cook county, by appellee against appellant, to recover damages alleged to have been caused to the property of appellee, by reason of the construction and operation of appellant's railroad.

The declaration, consisting of two counts, contained an averment that the defendant, in the year 1886, "laid divers tracks along and upon ＊ Rebecca street, in the City of Chicago, ＊ ＊ ＊ to the north of and adjacent to and

within, to-wit: ten feet of the real estate of the plaintiff aforesaid.'' And that the defendant, from the said year 1886 has operated, and still continues to operate, along and upon its ''said tracks on Rebecca street aforesaid, in front and adjacent to and within ten feet of the property of plaintiff as aforesaid, divers trains, engines and cars,'' etc. In the second count the same averments are made, together with the further allegation of injury, by reason of ''blocking the street in front of said plaintiff's real estate,'' etc.

The defendant interposed the plea, not guilty.

Upon the trial, it did not appear from the evidence adduced in behalf of the plaintiff, that any part of Rebecca street, in front of or along the plaintiff's property, was occupied by any portion of defendant's railway, or that it in any wise obstructed the same; but that said railroad was north of and beyond Rebecca street, on land thereto adjacent, and perhaps fifty feet or more from the plaintiff's property.

At the conclusion of the plaintiff's case the defendant, appellant, asked an instruction, directing the jury to find a verdict in its behalf, which was refused by the court, and defendant excepted.

The words of the amendment, and where to be inserted in the declaration, are shown by the bill of exceptions, but it is not made to appear that the proposed amendment was reduced to writing, and filed in the cause. No amendment of the declaration was in fact made, and the defendant, electing to stand by its motion for non-suit, introduced no evidence. The case was submitted to the jury, who returned a verdict of guilty, assessing the plaintiff's damages at $1,750, for which amount judgment was entered. Defendant filed motion for new trial, which was overruled, and defendant excepted. On appeal to the Appellate Court the judgment was affirmed, and defendant prosecutes this further appeal.

Mr. II. S. Boutell, for the appellant.

Mr. M. Salomon, for the appellee.

Mr. Justice Shope delivered the opinion of the Court:

The action of the trial court in refusing to instruct the jury to find a verdict in appellant's favor, is assigned for error in this court. If the firmly established principles of the common law practice are to obtain and be applied, there would seem to be but one solution of the question thus presented. Counsel for appellee files, in this court, his Appellate Court brief, which ably presents other matters involved, but does not discuss, or in fact notice, the question arising upon this assignment of error, and urged upon our consideration in the brief of appellant. Whatever view might be regarded as justifying silence, the question is fairly presented upon this record.

The declaration contained the allegation that the defendant's railroad was constructed and operated in Rebecca street, in front of, adjacent to and within ten feet of the plaintiff's property; and while being so operated, made a great noise and disturbance, and caused the earth to vibrate, so as to greatly injure and damage the plaintiff's houses, etc. And the second count, in addition to the averment that defendant's railroad was constructed and laid along Rebecca street, in front of and adjacent to plaintiff's land, as aforesaid, contained the further allegations that defendant, by the operation of its engines, trains, etc., along and upon its tracks in Rebecca street, etc., "obstructed the street in front of the said plaintiff's real estate then and there," etc., and continued to operate its divers engines, trains, etc., upon its tracks in front of and adjacent to the plaintiff's property, on said Rebecca street, "thereby blocking the street in front of the said plaintiff's real estate," and disturbing plaintiff in the quiet possession of his property, etc., whereby, etc.

That there was not a scintilla of evidence introduced by the plaintiff showing, or tending to show, that any portion of appellant's railway was in Rebecca street, as alleged, does not admit of question. On the contrary, all the evidence in plaintiff's behalf, upon this point, conclusively showed that appellant's railway was not in Rebecca street, or any part thereof, but beyond and north of said street, on land adjacent thereto, and some fifty feet from the plaintiff's premises.

On motion made by the defendant for non-suit, leave was asked by plaintiff to amend his declaration. The motion was overruled and the leave granted. The proposed amendment was not in fact made, and the declaration is presented, upon this record, without amendment, and in all respects as it was when the motion for non-suit was entered. True, leave was given to amend the declaration, and this leave, together with the words of the proposed amendment, and where to be placed in the pleading, is shown by the bill of exceptions, and while the Appellate Court saw fit to treat the leave given as amounting in effect to an amendment actually made, we do not feel at liberty to so regard it. If a party, for any reason, disregards the leave given by the trial court to amend his pleading, so as to make it correspond with the proofs, and omits, without justifiable cause, the due incorporation into the record of the amendment pursuant to the leave, this court, *sua sponte*, has no authority to carry out the leave, make his amendment for him, interpolate it into the record, and thereby save him harmless of error assigned. After obtaining such leave, the plaintiff was in no wise obliged to exercise the privilege given and make the amendment, and until the amendment was in fact made, the declaration in all respects remained the same, as though no leave to amend it had been given. *Ogden* v. *Town of Lake View*, 121 Ill. 422. While this court, where the omission from or mistake in the record, affecting the rights of a party, is that of the trial court, or

its officers, may, upon appropriate proceedings, make such proper order as will enable the party to supply the omission or correct the mistake in the court below, and require by *certiorari* due transmission of the corrected or amended record to this court ( *Coughran* v. *Gutcheus*, 18 Ill. 390; *I. C. R. R. Co.* v. *Garish*, 40 id. 70); or may, within certain limitations ( *People ex rel.* v. *Anthony*, 129 Ill. 218), permit the party, proper proceeding to that end having been had in that court, to so amend the record as to make it truly show what actually transpired upon the trial ( *Heinsen* v. *Lamb*, 117 Ill. 549), or that which at the time should have been entered of record ( *Kelsey* v. *Berry*, 40 Ill. 69; *Rowley* v. *Hughes*, id. 71); yet, no power inheres in this court to amend the record, for the purpose of interpolating into it matters which did not actually occur, or to incorporate that which was intended to be, but not in fact made, a part of the record. *Ballance* v. *Leonard*, 40 Ill. 72; *Underwood* v. *Hossack*, id. 98; *I. C. R. R. Co.* v. *Garish, supra; Ogden* v. *Town of Lake View, supra.*

The judgment of courts of review must always be formed upon the record, and from that alone. If they should assume to cure mistakes or omissions of the parties or counsel in the court below, by supplying matters omitted, inadvertently or otherwise, from the record, they might in like manner change the record in other respects, to the detriment of parties litigant. To do so would introduce the greatest uncertainty and confusion, be the exercise of a power with which they are not vested, and destroy the security and certainty which should inhere in judicial proceedings. Diminution of the record in this case is not suggested. Nor is any cause or excuse shown, or explanation offered, for appellee's omission to make his proposed amendment of the declaration, pursuant to the leave given. For aught that appears, the omission was purely the result of his voluntary choice. This record, therefore, in all essential particulars, must be treated as though no amend-

ment of the declaration had been permitted or suggested. And the question, therefore, is, whether the court erred in overruling the motion for non-suit, and in refusing to instruct the jury to find for the defendant, as the pleadings then stood.

Description of the *locus in quo* by the pleader, in cases of this kind, is legally essential to and of the substance of the action, for upon the proximity of the railway to the premises must, in a greater or less degree, depend the damages accruing in consequence of its construction and operation. It requires no argument to show that a railway constructed and operated in a public street, at times obstructing the same, and in front, adjacent to and within ten feet of property occupied and used for either dwelling or business purposes, must ordinarily be more injurious to private interests than a railroad built and operated fifty feet or more away, and on the opposite side of the street. At any rate a description must be given, from which it could be reasonably inferred that injury might probably ensue to property claimed to be damaged. Otherwise, no cause of action would be stated, for it could not be said, that damage would ensue to property from the operation of a railroad so remotely situated, as to render injury from it practically or physically impossible. Be this as it may, the pleader in this case saw fit to make a specific local description, and such description being of the substance of the right of recovery, must be proved as laid. 1 Chitty Pl. *392, *395; *Mersey & Irwell Nav. Co.* v. *Douglas et al.,* 2 East, 560. And the general rule is, that where a description is alleged, which serves to identify that which is legally essential to the claim or charge, the allegation can not be rejected, but must be supported by the proofs. 1 Starkie Law of Ev., *433. "Were it otherwise," says Mr. Starkie (*id.*), "and if proof could be admitted which varied from the record, in consequence of the omission to prove any allegation descriptive of an essential particular, it is plain

that the proof would no longer agree with the cause of action, or charge alleged, to *any extent;* they would differ throughout in respect of that descriptive allegation; and as the proof would be more general than the allegations, it would no longer be partial proof of the same charge or claim, but of a different and more general one." The reason for the rule in all cases, doubtless, where the *locus in quo* becomes material, being that it would be prejudicial to the rights of the adversary for a party to allege one description of that which is of the subject-matter, and be permitted to prove another; and that, in such case, "the record would afford but very uncertain evidence as to identity, should the same matter be again litigated." Id. For, "If," says Mr. Greenleaf (1 Law of Ev., §62), "one may be rejected, all may be equally disregarded, and the identity of the subject be lost." And this view is amply sustained by numerous decided cases in this court, among which, see, *I. C. R. R. Co.* v. *McKee*, 43 Ill. 119; *Hicks* v. *Silliman*, 93 id. 255; *Railway Co.* v. *Morgan*, 72 id. 155; *Spangler* v. *Pugh*, 21 id. 85.

It is manifest that the defendant called upon to answer for an injury resulting from the construction and operation of a railroad in the street, in front, and within ten feet of the property alleged to be injured, might come wholly unprepared to meet the charge, were the plaintiff permitted to support it by proof of the construction and operation of the road at some other place. Moreover, were the plaintiff to recover on this declaration, it is difficult to see how, from the record, such recovery would be an effective bar to further proceedings for injuries arising from the construction and operation of the road at the place where the same was in fact shown to be located. Whatever inconvenience may, at times, result from the application of the rule, affords no ground for departure from it. Rules of proceeding, found by long judicial and practical experience to be indispensable to remedial justice, are not to be disregarded,

especially in cases where their applicability is plain and unquestionable. They have been adopted for the purpose of expediting the business of the courts, to secure certainty, accuracy, order and uniformity in the dispensation of public justice, and are to be carefully observed. Deviations from well settled rules of proceeding are always of questionable expediency, and where indulged, because of some inconvenience or supposed hardship, have generally introduced confusion, and, by becoming precedents, have led to the perversion of an orderly and just administration of the law.

We are of opinion that the Circuit Court erred in overruling the motion for non-suit, and in refusing to instruct the jury to return a verdict for the defendant. As the cause is likely to be again submitted to a jury, we refrain from considering the other errors assigned upon the merits of the controversy, as it would necessarily involve a discussion of the evidence.

For the foregoing reasons, the judgments of the Appellate and Circuit Courts will be reversed, and the cause remanded to the latter court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*