**Hollis C. Gilbert et al., Appellees, v. O. K. Houck Piano Company, Appellant.**

**Gen. No. 15,401.**

1. PLEADING—*effect of filing plea without leave.* If a plea is filed after the defendant's time to plead, as fixed by order of court, has expired, without leave of court, and without notice to the plaintiff either before or after filing it, it forms no part of the record.

2. CONTRACTS—*when fraudulent representations no defense to action upon.* If after knowledge of the fraud inducing the execution

of the contract the party defrauded for a consideration ratifies the contract, an estoppel arises to preclude a reliance upon such fraud as a defense to an action upon such contract.

3. LOTTERY—*what not. Held,* that the so-called "word contest" method of advertising was not a lottery within the meaning of the national or state laws.

Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

MARVIN E. BARNHART, for appellant.

PIERSON & PEASE, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago for $1,763.83 and costs, rendered in a case of the fourth class by that court in favor of the appellees, who do business under the name of H. C. Gilbert & Company, against the O. K. Houck Piano Company, a corporation. The cause was tried by the court without the intervention of a jury. This attack upon the judgment is based on three positions:

First, that a plea of the defendant on file, unreplied to, asserts that the contract, on which the finding and judgment of the court in favor of the plaintiffs were based, was obtained by fraud.

It is argued that the allegations of this plea thus stand admitted. As the plea in question was filed more than six months after the defendant's time to plead, as fixed by order of the court, had expired, and was filed, so far as the record shows, without leave of court and without notice to the plaintiffs, either before or after filing, it forms no part of the record. Davis v. Lang, 153 Ill. 175. We need not discuss, therefore, the effect of its allegations.

Secondly, the appellant claims that the evidence introduced under the pleadings recognized by the court, show that the contract sued on was procured from

it by the plaintiffs by false and fraudulent representations, which vitiated it as a binding obligation.

It is unnecessary here to pass on questions involving the rights of the respective parties under a contract induced by extraneous fraudulent representations not made a part of the contract, or the necessity of rescission. For after the defendant company knew that the "copyright" which the plaintiffs had represented that they owned did not and could not cover a complete system or method of conducting a "Word Contest" for advertising purposes, but only referred to some printed matter used in connection with such contest, it ratified the contract and, in consideration of a concession made by the plaintiffs in the accounting, promised to pay money according to its terms, and actually did so.

This certainly estopped it from afterward claiming any benefit from the alleged fraudulent inducements. But we do not think that the evidence satisfactorily established fraud in securing the contract, nor that the court erred in his rulings on the admission of evidence in relation thereto.

A third ground of attack on the judgment is, that the contract between plaintiffs and the defendant company and the business to be done thereunder were in violation of the United States postal laws, which forbid the use of the mails for "letters, postcards or circulars concerning lotteries, gifts, concerts or enterprise offering prizes dependent on lot or chance." As the so-called "Word Contest" method of advertising, which the plaintiffs contracted with the defendant company about, required the use of the mails, it is claimed that it was unlawful. If it was a lottery, having the element of gambling in it, it would have been unlawful, whether there was a use of the mails involved in it or not. If it were not "a lottery or gift enterprise offering prizes dependent on lot or chance," then it was not unlawful under the postal laws.

With the justice of the contract between plaintiffs and defendant we have nothing to do, nor have we with the merits or expediency of this method of advertising pianos. But the method is no more a lottery and depends no more on lot or chance than a distribution of school prizes does.

The judgment of the Municipal Court is affirmed.

*Affirmed.*