## John Bildhauer et al., Appellees, v. Slovenska Narodna Podporna Jednota, Appellant.

### Gen. No. 7,325.

1. PLEADING—*waiver of failure to interline amendment after leave granted by pleading to declaration as though amendment made.* In an action on a policy of insurance where the insurer was merged into another company and leave granted to substitute the latter as defendant and to amend the declaration by substituting its name by interlineation, the substitution will, on appeal, be treated as having been made though it was not actually done, where appellant chose to waive its right to delay pleading and pleaded as though the declaration had actually been amended.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*necessity of pleading forfeiture provisions as defense to action on certificate.* No inference or presumption will be indulged which will result in the forfeiture of the interest created by a benefit certificate of insurance but the provisions for and fact of such forfeiture must be set forth clearly, distinctly and unequivocally in the pleading.

3. FRATERNAL BENEFICIARY ASSOCIATIONS—*sufficiency of pleading forfeiture as defense to action on certificate.* In an action on a benefit certificate though defendant sufficiently pleaded that at the time of his death the insured was suspended by his failure to pay his current assessments, its contention that such suspension forfeited the certificate was a mere conclusion of the pleader, bad upon demurrer, in the absence of any showing in the record that the constitution, by-laws or the certificate provided for such forfeiture.

4. FRATERNAL BENEFICIARY ASSOCIATIONS—*persons entitled to benefits where designated beneficiary dies before member.* Where a benefit certificate as well as the constitution and by-laws of the insurer made no provision as to whom payment should be made in case of death of the beneficiary before that of the insured, the next of kin are entitled to recover.

Appeal by defendant from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April Term, 1924. Affirmed. Opinion filed October 4, 1924. Rehearing denied October 27, 1924.

CHARLES W. HELMIG and BUTTERS & BUTTERS, for appellant.

Bildhauer v. Slovenska Narodna Podporna Jednota, 234 Ill. App. 350.

J. E. MALONE, JR., for appellees.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is a suit prosecuted by John Bildhauer, Therezia Terselic and Mary Sodec, appellees, on a certificate of insurance against Slovenska Narodna Podporna Jednota, appellant. Appellees obtained judgment in the court below and this appeal followed.

The contract of insurance upon which this suit is based was issued December 11, 1916, by Slovenska Delavska Podporna Zveza, a fraternal society incorporated under the laws of the State of Pennsylvania to John Bildhauer. The beneficiary named in the policy was Michael Bildhauer, a brother of the insured. The beneficiary, Michael Bildhauer, died October 21, 1918, and the insured, John Bildhauer died October 28, 1918. No designation of a new beneficiary was made by the insured after the death of Michael Bildhauer. The certificate of insurance does not provide to whom the benefit should be paid in the event of the death of the beneficiary before the insured and the failure to designate a new beneficiary. The suit was originally begun against the insurer under the English equivalent of its name, viz, Slavonic Workingmen's Aid Union, but later the declaration was amended and the insurer brought in under its Slovenian name, viz., Slovenska Delavska Podporna Zveza.

While the suit was pending, the insurer with two other societies became merged in the appellant, Slovenska Narodna Podporna Jednota, a fraternal beneficiary society incorporated under the laws of the State of Illinois, which assumed all of the existing obligations of the constituent societies. Leave was granted to substitute appellant for the insurer and an order entered granting leave to amend the declaration by substituting the name of the appellant for the name of the insurer by interlineation where the latter ap-

peared in the declaration. The transcript of the record from the circuit court does not show that this amendment was actually made upon the face of the declaration.

Appellant pleaded to the declaration as though it had been in fact amended and no question of the failure to actually interline the name of the appellant in the declaration was raised in the circuit court. The appellant treated the declaration as having been in fact amended. To the declaration appellant filed eight pleas. It first pleaded the general issue. The second plea pleaded by appellant alleged that the policy of insurance provided that the insured shall at the time of his death be a member in good standing of the insurer and shall have complied with all laws, rules, regulations and provisions of the constitution and by-laws of said insurer and the local society to which he may belong at the time of his death and, further, that the said certificate of insurance provided that the said by-laws and constitution be and they are made a part of said certificate of insurance and that it is provided by said constitution and by-laws of said insurer that any member who has not paid his assessment for one month is suspended and that it is further provided by said constitution and by-laws of said insurer that all money must be received at the main office of said insurer by the last day of the month and that it shall be the duty of a member that he have the assessment paid to the local society or branch by the 20th of the month, and that said member did not pay his assessment for the month of August, 1918, by the 20th day of August, 1918, at the local society, and that the assessment for said member was not paid at the main office by the last day of the month of August, 1918, and therefore the said member became suspended and the policy of insurance so sued on was of no further effect and not enforceable against the insurer or against this appellant. The third plea is

identical with the second except that it sets up that the assessment for the month of September was not paid by the 20th day of September, 1918, at the branch office nor was the assessment received at the main office by the last day of the month of September, 1918. The fourth plea is the same as the second, except that it alleges that the assessment for the month of October was not paid by the 20th day of October, 1918, at the branch office nor was the assessment received at the main office by the last day of the month of October, 1918. The fifth plea charges that the plaintiffs had no cause of action because the certificate did not provide that in the event of death of the insured any amount should be paid to the plaintiffs nor is said certificate made payable to said plaintiffs nor did the constitution and by-laws of the insurer provide that the plaintiffs should be paid any sum. The sixth plea is to the effect that the plaintiffs had no cause of action against said society and that the appellant did not issue the said insured any writing in said counts of said declaration mentioned, and that the appellant did not promise to pay the plaintiffs any sum of money. The seventh plea is the same as the second except it alleges that the assessment for the month of September, 1918, was not paid and sets forth that said John Bildhauer was suspended by said society for the nonpayment of the assessment for the said month of September, 1918. The eighth is the same as the seventh except it alleges that the assessment for the month of October, 1918, was not paid by the 20th day of October, 1918, at the local society or by the last of the month at the main office.

To all of the pleas except the first, a demurrer was interposed by appellees and sustained. Appellant moved to carry the demurrer back to the declaration which motion was overruled. Appellant then elected to abide by its special pleas and by its motion to carry the demurrer back to the declaration and withdrew

the first plea. Appellees then moved the court for judgment and judgment was rendered against the appellant for $620, to which the appellant excepted and prosecuted this appeal as aforesaid.

First. It is the contention of appellant that no amendment to the declaration was made, and the declaration does not set forth a cause of action against the defendant upon the policy of insurance which is made a part of and is made a basis of the cause of action set out in the declaration. There is no inference from anything alleged in the declaration as to how or why the defendant became liable by virtue of the provisions of the policy sued on.

Second. The pleas and each of them set forth a complete defense to the cause of action set forth in the declaration and the demurrer admitted these pleas.

Third. If facts had been alleged in the declaration showing a merger by the insurer company and the defendant, under the facts alleged in the pleas and conceded by the demurrer, the said insured, John Bildhauer, became automatically suspended and his rights under the policy forfeited at the time of his death, and the court erred in not overruling the demurrer to the pleas and in not carrying the demurrer back and sustaining it to the declaration.

It is first argued that there is no declaration in this record on which to base the judgment. This argument is based upon the fact that the amendment had not been interlined in the declaration. The record discloses leave was granted by the court with the knowledge of appellant to substitute it for the insurer and an order entered granting leave to amend the declaration by substituting the name of appellant for the name of the insurer by interlineation where the latter appeared in the declaration, which order was entered on the 16th day of October, 1923, and is as follows:

"Now on this day come the plaintiffs in the above

entitled cause by J. E. Malone, Jr., their attorney, and move the court for leave to amend the declaration heretofore filed herein by interlining on the face of said declaration the name of 'Slovenska Narodna Podporna Jednota' in lieu of 'Slovenska Delavska Podporna Zveza' wherever in said declaration the last name appears, the substitution of said 'Slovenska Narodna Podporna Jednota' for 'Slovenska Delavska Podporna Zveza' having heretofore been authorized by the order of this court; and the court having been duly advised in the premises doth find that the said motion should be and it is hereby allowed and it is ordered that the said plaintiffs be and they are hereby authorized and empowered to amend said declaration on its face by striking out the name 'Slovenska Delavska Podporna Zveza' wherever said name appears in said declaration, and by substituting therefor by interlineation the name of the substituted defendant, 'Slovenska Narodna Podporna Jednota.' ''

Appellant was under no obligation to plead to the declaration until its name was interlined therein as a defendant, but it chose to waive its right to delay pleading, until there was a sufficient declaration against it and did plead thereto as though the declaration was amended to state a cause of action against it.

In the case of *Hinchliffe v. Wenig Teaming Co.,* 274 Ill. 417, at page 424, the court said: '' 'Where there is an order granting leave to amend and the subsequent proceedings in the cause are based upon the assumption that the amendment has been made, the course is to consider the order as standing for the amendment itself. Where a motion to amend has been granted but no amended pleading appears in the judgment roll, it may be treated, on appeal, as if actually made.' (1 Encyc. of Pl. & Pr. 641.) This is the rule adopted in most jurisdictions in this country. (3 Amer. & Eng. Encyc. of Law 813, and cases cited; *Horne v. Meakin,* 115 Mass. 326; *Johnston v. Farmers' Fire Ins. Co.,* 106 Mich. 96.)''

It has been held that where the representatives of a deceased party to the action are made parties on motion, it is unnecessary to amend the declaration formally by the insertion of their names. *Hoes v. Van Alstyne*, 20 Ill. 201.

Appellant relies upon *Wisconsin Cent. R. Co. v. Wieczorek*, 151 Ill. 579, and *Condon v. Schoenfeld*, 214 Ill. 226, as supporting its contention. These cases have no application here for the reason that there is nothing in the opinions to show that the parties proceeded as if the amendment had been actually made as they did in the case at bar. *Hinchliffe v. Wenig Teaming Co., supra*, p. 425.

It is conceded by appellees and appellant that the constitution and by-laws together with the benefit certificate constitute the contract. It is contended by appellant that the second, third and fourth pleas charge that the insured had not paid, nor any one for him, the assessments for the months of August, September and October, 1918, and for that reason the member became suspended and the certificate of insurance sued on was not enforceable as against the insurer or against the appellant.

It is further insisted that the seventh and eighth pleas set up that the insured had not paid his assessments for the months of September and October, 1918, respectively, as provided by the by-laws and made a part of said contract, and that said insured was suspended by the society for the nonpayment of the assessments for the said months of September and October.

It is argued that the special pleas are all good. The argument of appellant relative to the pleas last above mentioned applies to an insurance society which has a self-executing by-law or provision of its constitution providing for a forfeiture of the benefit certificate and the rights created thereby, upon failure to pay monthly dues or assessments; the insured, *ipso facto*

loses all rights and privileges conferred by the certificate and it becomes canceled and void.

The difficulty with which appellant is confronted in its argument is that there is nothing in this record to show that the by-laws, constitution or the benefit certificate provide for a forfeiture of the benefits created by the policy without action by the society, and although much has been said by appellees and appellant about the by-laws and the constitution, neither appear in the record.

No inference or presumption will be indulged which will result in the forfeiture of a beneficial interest created by the benefit certificate, but the fact of forfeiture must be set forth clearly, distinctly and unequivocally. The provisions for such forfeiture, if any, must be pleaded by the defendant. No such self-executing provision has been alleged by the appellant in any of its pleas.

If under the pleadings in this case, as is insisted by appellant, the right to receive the amount of the benefit certificate was lost and forfeited by the nonpayment of a month's dues, then it would be equally lost and forfeited by the failure of the local secretary to forward the dues to the main office of the society before the last day of each month. The pleadings charge that it was the duty of the insured to pay his assessments by the 20th of the month to the local secretary and get his assessments in to the main office of the society by the last day of the month. It was wholly beyond his power to control the time of the remittance made by the local secretary to the main office. It is ridiculous to say that the insured forfeited all rights to his benefit certificate because the local secretary failed to send the dues collected by him to the main office by the end of the month for which they were paid. If there is any provision of the constitution, benefit certificate or by-laws which works a forfeiture in the case of nonpayment of assessments, appellant should have pleaded it.

Granting that appellant has sufficiently pleaded that the insured was suspended by his failure to pay his current assessments, its contention that such suspension forfeited the benefit certificate is a mere conclusion of the pleader, bad upon demurrer. The suspension of the insured of itself would not work a forfeiture unless the constitution, the by-laws or the benefit certificate so provided. *Ingersoll v. Mutual Life Ins. Co. of New York,* 156 Ill. App. 568.

In *Gruwell v. National Council Knights & Ladies of Security,* 126 Mo. App. 496-504, the court said:

"Though the law always looks with an unfriendly eye on provisions in contracts for the forfeiture of acquired rights, where the parties clearly stipulate for such forfeiture, and it does not appear to be obnoxious to any sound reason of public policy, courts will enforce the contract the parties themselves have made. No reason appears for denying to the insurer the protection of a contractual provision compelling the prompt payment of the stipulated consideration on pain of forfeiture. Indeed, it is difficult to perceive how any insurance company, whether old line, mutual or fraternal, could do business at all if it permitted its policies to remain in force indefinitely after the assured had ceased to pay agreed premiums. Forfeiture for nonpayment is a necessary means to avert disaster to the enterprise, and it is well settled that stipulations in the contract which provide that nonpayment *ipso facto* shall work a forfeiture, without notice to the delinquent, should be enforced. But, in the absence of any stipulation in the contract for forfeiture on the ground of nonpayment, the policy will remain in force during the lifetime of the assured, however delinquent he may have become with respect to agreed payments. The idea that the contract of insurance remains in force only during the period for which a premium has been paid, though it has the support of respectable authority, we think is opposed to sound reason, as well as to the weight of authority."

We are of the opinion the court did not err in sus-

taining the demurrer to the second, third, fourth, seventh and eighth special pleas. No argument is made by appellant with a view of sustaining the fifth and sixth special pleas. The fifth plea raises the point that because the beneficiary predeceased the insured and no new designation of a beneficiary had been made by the insured, and the certificate itself, the constitution and by-laws, were all silent as to whom the benefit should then be paid, the benefit lapsed and the amount thereof could be paid to no one.

The appellees, if there is a right to recover, are entitled to receive the amount payable under this benefit certificate according to the rule announced in *Kaemmerer v. Kaemmerer*, 231 Ill. 154. The ruling of the court in sustaining the demurrer to the fifth and sixth special pleas was correct. We are of the opinion the court committed no error in rendering judgment in favor of appellees and against the appellant and the judgment of the circuit court of La Salle county will be affirmed.

*Affirmed.*