**Peter J. Sobieski, Guardian of the Estate of Walter Sobieski, a Minor, Appellee, v. City of Chicago, Appellant.**

### Gen. No. 30,613.

1. PLEADING—*order granting leave to amend as effecting amendment.* An order granting leave to amend a pleading does not constitute an amendment thereof, and until the amendment is in fact made the pleading will remain as if no leave to amend had been granted.

2. PLEADING—*treatment by parties of petition for mandamus as amended pursuant to leave as warranting order based upon amendment as proposed but not in fact made.* Where following the making of an order granting leave to amend a petition for mandamus the parties treated the proposed amendment as having been made, although it was not in fact made, the court may base its order upon the petition on the assumption that the petition has been amended as proposed.

3. APPEAL AND ERROR—*order granting leave to amend as part of common-law record.* An order of the court granting leave to amend a petition for mandamus is a part of the common-law record of the proceedings for purposes of review.

4. APPEAL AND ERROR—*proposed amendments to pleading recited in order granting leave to amend as part of common-law record.* Where proposed amendments to a petition for mandamus are recited in the order granting leave to make them, such amendments thereby become part of the common-law record of the proceedings for purposes of review.

5. APPEAL AND ERROR—*sufficiency of record to permit affirmance of mandamus order based upon proposed amendment of petition authorized but not in fact made.* Where following the making of an order granting leave to amend a petition for mandamus the

parties treated the petition as having been so amended, although the amendments were not in fact made, the reviewing court is not precluded from affirming an order for mandamus based upon the petition as proposed to be amended on the theory that the amendments are not before the court because not included in the bill of exceptions, since the order granting leave, reciting the proposed amendments, is a part of the common-law record.

6. MANDAMUS—*general demurrer as including attack upon petition for failure to show right of petitioner to sue in representative capacity.* The objection that a petition for mandamus is defective in that the petitioner, although suing as guardian, does not allege his appointment by any court or make profert of his letters of guardianship, cannot be raised by general demurrer.

7. MANDAMUS—*propriety of directing writ to pay judgment to city and named officers thereof.* A writ of mandamus directing payment of a judgment is not erroneous because directed, not only to the defendant city, but also to certain named officers thereof, on the theory that it is capable of a construction as directing such officers to pay the judgment out of their own pockets.

Appeal by defendant from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1925. Affirmed. Opinion filed June 14, 1926. Rehearing denied July 2, 1926.

FRANCIS X. BUSCH, Corporation Counsel, and JOHN J. KELLY, City Attorney, for appellant; DANIEL V. GALLERY, Assistant Corporation Counsel, and EARL B. DICKERSON, Assistant City Attorney, of counsel.

MORSE IVES, H. H. PATTERSON and C. C. BODENSTAB, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the City of Chicago, the respondent, from an order in a mandamus proceeding directing the respondent to pay a judgment in the sum of $10,000 with interest, recovered against the respondent by Peter J. Sobieski, the petitioner, in an action in which the petitioner sued as "father and next friend" of Walter Sobieski.

On June 26, 1925, the respondent filed a general and special demurrer to the petition. On July 2, 1925, the court entered an order sustaining the demurrer, giving the petitioner leave "to file an amended petition," and ordering the respondent "to plead, answer or demur to the petitioner's amended petition."

On July 3, 1925, on motion of the petitioner, it was ordered that the petitioner have leave to amend his petition as follows:

"1. By striking out all of Paragraph 4 of said petition and inserting in lieu thereof the following: 'Your petitioner further alleges that an January 25th, 1925, said City Council of Chicago passed its annual appropriation ordinance and made an appropriation of $500,000.00 for the payment of principal and costs of judgments against the City of Chicago; that said annual appropriation Ordinance was afterwards amended on March 11th, 1925; that the said fund is known and designated by the Comptroller of the City of Chicago as 22-V; that upwards of $75,000.00 of said fund is now in the Treasury of the City of Chicago.'

"2. By inserting at the end of Line 8 of Paragraph 7 after the word 'failed' the following: 'To include this judgment in the Annual Appropriation Ordinance passed by the City Council of Chicago, on January 25, 1925, and amended by the City Council on March 11, 1925.' "

The order of July 3, 1925, further directed the respondent to plead, answer or demur to the petitioner's amended petition. On July 7, 1925, assuming that the proposed amendments had been inserted in the original petition, the respondent filed a general and special demurrer. On July 10, 1925, the court overruled this demurrer. The order overruling the demurrer contained the following recital: "This cause coming on to be heard upon the respondent's demurrer to the petition of the petitioner *as amended* and after argu-

ments of counsel and due deliberation by the court said demurrer is overruled.''

It is conceded that the petitioner never actually amended the petition. The facts are, however, that the respondent treated the petition as having been amended and on that assumption filed a second demurrer which differed from the demurrer to the original petition. These facts in our opinion are important and should be given decided emphasis. The record shows that the second demurrer was materially different from the demurrer to the original petition, in that the second demurrer omitted a ground of demurrer which was contained in the demurrer to the original petition, and which ground of demurrer rendered the proposed amendments to the original petition necessary. In other words, the second demurrer was drawn on the assumption that the proposed amendments actually had been made to the original petition. That this conclusion is correct will appear from an inspection of the ground of demurrer which was contained in the demurrer to the original petition and which ground of demurrer was omitted from the second demurrer. The ground of demurrer in question is as follows: ''Said petition does not state facts to show that money now held by the defendant is not otherwise appropriated, nor does it set up or name any specific fund or funds from which judgment mentioned in said petition may be paid.''

The principal assignment of error on which the respondent asks for a reversal of the order allowing the writ of mandamus is that since the order is based on an amended petition, when in fact there was no amended petition, the order is void. The respondent contends that the original petition cannot be considered as having been amended; that the leave to amend did not constitute an amendment.

It is true that the general rule is well established that leave to amend a pleading does not constitute an

amendment, and that until the amendment is in fact made, the pleading will remain as if no leave to amend it had been given. *Ogden v. Town of Lake View*, 121 Ill. 422, 424, 425; *Wisconsin Cent. R. Co. v. Wieczorek*, 151 Ill. 579, 583; *Condon v. Schoenfeld*, 214 Ill. 226, 231; *Northern Trust Co. v. Sanford*, 308 Ill. 381, 392; *People v. Cleveland, C., C. & St. L. R. Co.*, 314 Ill. 455, 457. That question, however, is not the real one that is presented on the record in the case at bar. The question in the case at bar is not whether the order granting leave to amend the petition constituted an amendment of the petition. The exact question is whether the fact that all of the parties treated the proposed amendments actually as having been made, justified the trial court in entering the order issuing the writ of mandamus on the theory that the petition had been amended as proposed. In our opinion this question should be answered in the affirmative on the authority of *Hinchliffe v. Wenig Teaming Co.*, 274 Ill. 417, 425; and *Bildhauer v. Slovenska Narodna Podporna Jednota*, 234 Ill. App. 350, 355, which hold that where the parties treat a proposed amendment as having been made, it may be considered by the court as having been made. It has been similarly held in principle in other jurisdictions. *Johnston v. Farmers' Fire Ins. Co.*, 106 Mich. 96, 99; *Horne v. Meakin*, 115 Mass. 326, 330; *Kretser v. Cary*, 52 Wis. 374, 378.

Counsel for the respondent place great reliance on the case of *Wisconsin Cent. R. Co. v. Wieczorek, supra*, as supporting their contention that the proposed amendments can not be treated by the parties as having been made. In the case of *Hinchliffe v. Wenig Teaming Co., supra*, the court distinguished the case of *Wisconsin Cent. R. Co. v. Wieczorek, supra*, on the ground that in the latter case there was "nothing to show" that the parties proceeded as if the amendments actually had been made. The reasons for the general rule that leave to amend does not constitute an

amendment are stated in the case of *Wisconsin Cent. R. Co. v. Wieczorek, supra,* as follows (p. 584):

"The judgment of courts of review must always be formed upon the record, and from that alone. If they should assume to cure mistakes or omissions of the parties or counsel in the court below, by supplying matters omitted, inadvertently or otherwise, from the record, they might in like manner change the record in other respects, to the detriment of parties litigant. To do so would introduce the greatest uncertainty and confusion, be the exercise of a power with which they are not vested, and destroy the security and certainty which should inhere in judicial proceedings."

These reasons do not apply to the case at bar. The record in the case at bar contains the proposed amendments. The respondent had full knowledge of the proposed amendments and drafted the second demurrer with the proposed amendments in mind and actually as if they had been made part of the original petition. The court below did not change the record to the detriment of the parties, nor is this court changing the record to the detriment of the parties. The court below adopted the record made by the parties themselves, and that is what this court is doing. The court below did not attempt to cure the mistake or omission of the parties and this court is not attempting to cure such mistake or omission. The parties themselves cured the mistake or omission by treating as done what the court below gave leave to be done. Neither party has been injured in any respect whatever, and neither party is in a position to complain of any injury. The security and certainty which should inhere in judicial proceedings is not destroyed, for the record has been made secure and certain by the act of the parties themselves.

Counsel for the respondent contend that "this court cannot look at the order for the proposed amendment and cannot know how appellee proposed to amend";

that "what the amendment was to be appears only in the order recited in the clerk's record"; that the "proposed amendments must be set forth in a bill of exceptions"; that "the clerk's record can do no more than show that leave was given, if indeed it can show that." No authorities are cited by counsel for the respondent in support of their contentions. From our examination of the decisions we are of the opinion that since the proposed amendments were made part of the order which granted leave to amend the petition, the proposed amendments are part of the record proper and may be inspected and considered by this court even though they may not be incorporated in a bill of exceptions. There is some confusion in the authorities on the general proposition as to what part of the proceedings may be shown by the record proper, and what part should be preserved in a bill of exceptions. Some of the authorities tend to broaden the function of the record proper and to permit it to contain as large a part of the proceedings as possible. The tendency of other authorities is to restrict the function of the record proper and to enlarge the scope of the bill of exceptions. In view of the lack of harmony of the decisions, it is difficult in some instances to determine just what part of the proceedings may be recited in the record proper, and what part should be incorporated in the bill of exceptions. In the case at bar, however, we do not consider the question in controversy a doubtful one. Although we have been unable to find a decision by the Supreme Court directly in point, we think that the conclusion we have reached is readily deducible from well established general principles. The rule is firmly settled that pleadings and "interlocutory judgments" are part of the record proper. *Grand Pacific Hotel Co. v. Pinkerton,* 217 Ill. 61, 77; *Baldwin v. McClelland,* 152 Ill. 42, 52; *Van Cott v. Sprague,* 5 Ill. App. 99, 101. In our system of practice the term "interlocutory judg-

ment" is synonomous with the term "order." In the case of *People v. Circuit Court of Cook County,* 169 Ill. 201, the court said (p. 215): "An 'order' is interlocutory and made on motion or petition. An 'order' has been defined to be 'any direction of a court other than a judgment or decree made in a cause.' " In Bouvier's Law Dictionary (vol. II, p. 28) an interlocutory judgment is defined to be a judgment "given in the middle of a cause upon some plea, or proceeding, or default which is only intermediate and does not finally determine or complete the suit." The order granting leave to file the proposed amendments being an interlocutory judgment is part of the record proper. Unless the record proper contained an order allowing the proposed amendments, no amendments could have been filed. *Davis v. Lang,* 153 Ill. 175, 180; *Deutsch-Römisch Katholischer Central Verein v. Lartz,* 192 Ill. 485, 488; *Gilbert v. Houck Piano Co.,* 159 Ill. App. 347, 348. We recognize, of course, the rule that the facts and circumstances surrounding the order would have to be preserved in a bill of exceptions before they could be reviewed. It is not necessary, however, to incorporate the order in a bill of exceptions, as the order itself is part of the record proper. Clerks of courts are directed by statute to "keep and preserve complete records of all the proceedings and determinations" of their courts, Cahill's St. ch. 25, ¶ 13, and to "enter of record all judgments, decrees and *orders* of their respective courts, before the final   *   *   *   terms thereof, or as soon thereafter as practicable." (Cahill's St. ch. 25, ¶ 14.)

It has been expressly held that it is essential for the record proper to show an order striking a pleading from the files; that where the record proper shows no order on a motion to strike a pleading from the files, the ruling on the motion will not be reviewed, although recited in the bill of exceptions. *Gaston v. Marengo*

*Imp. Co.*, 139 Ala. 465, 467; *Powell v. Henry*, 96 Ala. 412, 414, 415.

In the case of *Powell v. Henry, supra,* the court said (p. 414): "A motion to strike from the files a demurrer is itself a part of the pleadings in the cause, constitutes a part of the record proper of the primary court, and must be brought here as a part of the transcript of that record, and not as a mere statement of the presiding judge embodied in a bill of exceptions. * * * Indeed this alleged ruling itself could only be shown by the record." The order in the case at bar relates to the pleadings, actually contains the proposed amendments, and grants leave to the petitioner to file only those amendments. The proposed amendments, being part of the order, are necessarily part of the record proper.

Counsel for the respondent further maintain that since the petition shows that the petitioner is suing in a representative capacity, as guardian, and since the petition does not allege that he was appointed guardian by any court, and does not make profert of letters of guardianship, the petition is fatally defective on general demurrer.

We have not been referred to any decision of the Supreme Court of Illinois on the precise question; but counsel for the respondent have cited an Appellate Court decision—*Foster v. Adler,* 84 Ill. App. 654— which supports their contention.

We do not think that the case of *Adler v. Foster, supra,* should be followed, as in our opinion it is opposed to the weight of authority, which is to the effect that an objection to a defect such as is shown in the petition in the case at bar cannot be raised by a general demurrer, but only by a special demurrer (6 Encyc. Pl. and Pr. 323; *Radabaugh v. Silvers,* 135 Ind. 606; *Campbell v. Baldwin,* 6 Blackf. [Ind.] 364, 365; *Fulton Fire Ins. Co. v. Baldwin,* 37 N. Y. 648, 649; *Secor v. Pendleton,* 47 Hun. [N. Y.] 281, 283), or by

a special plea. *Liska v. Chicago Rys. Co.*, 318 Ill. 570, 578. In the case at bar the objection was not raised by the special demurrer nor by a special plea.

Counsel for the respondent further contend that the order issuing the writ of mandamus is erroneous because it not only directs the City of Chicago to pay the judgment, but also directs "William E. Dever, Mayor of said City, Martin J. O'Brien, Comptroller of said City, and John A. Cervenka, City Treasurer of said City," to pay the judgment, and that "the writ is so worded that it could easily be construed as directing the individuals to pay the judgment out of their own pockets."

We do not think that the writ reasonably can be so construed.

For the reasons stated the order of the trial court is affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.