**Zenobia Burns, Appellee, v. O. K. Kaylor, Appellant.**

470

Opinion filed February 1, 1932.

WHITNEL & BROWNING and J. R. McMURDO, for appellant.

PHILIP G. LISTEMAN and HAROLD J. BANDY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee sued to recover $3,000 for damages alleged to have been caused by malpractice. At the trial appellee asked leave to amend her declaration by increasing the *ad damnum* to $25,000. Appellant objected to the granting of leave but the objection was overruled. The amendment was never actually made. The trial resulted in a. verdict for $10,000. Appellant, in his motion for a new trial, called attention to the fact that

the verdict was larger than the amount claimed in the declaration. The motion also presented other grounds for a new trial. The motion was overruled and the court rendered judgment for $10,000.

One of the errors assigned is that the verdict and judgment are larger than the amount of the damages claimed in the declaration. Appellee was entitled to amend her declaration by increasing the *ad damnum* at any time before the entry of judgment. *Tomlinson v. Earnshaw*, 112 Ill. 311. When her attention was called to the matter by the motion for a new trial she should have amended her declaration in accordance with the leave previously granted. She failed to do so.

Leave to amend a pleading, ordinarily, cannot be treated as an amendment where the amendment is not, in fact, made. *Wisconsin Cent. R. Co. v. Wieczorek*, 151 Ill. 579; *Sinsheimer v. Skinner Mfg. Co.*, 165 Ill. 116; *Condon v. Schoenfeld*, 214 Ill. 226. It is reversible error to enter a judgment for a greater sum than the plaintiff claims in his declaration. *Jones v. Lloyd, Serrill & Oakford,* 1 Breese (Ill.) 225; *Kelley v. Third Nat. Bank of Chicago*, 64 Ill. 541; *Foreman v. Sawyer*, 73 Ill. 484. There are many other cases to the same effect.

Appellee contends that where a motion to amend has been granted, but no amendment has been made, the granting of leave will be treated, on appeal, as if the amendment were actually made and she cites *Hinchliffe v. Wenig Teaming Co.*, 274 Ill. 417; *Bildhauer v. Slovenska Narodna Podporna Jednota*, 234 Ill. App. 350; *Boynton v. Alwart*, 137 Ill. App. 227. In the *Hinchliffe* case, *supra,* leave was granted to amend the declaration by changing it from tort to assumpsit and the amendment was presented but was never actually filed. After leave was granted to amend, the defendant filed the general issue in assumpsit and the trial proceeded as if the amendment had been actually filed.

For that reason the court held that the failure to file the amendment should not cause a reversal of the judgment. The court distinguished that case from *Wisconsin Cent. R. Co. v. Wieczorek, supra,* but did not criticise or overrule the latter case. In the *Bildhauer* case, *supra,* leave was granted to amend the declaration and the defendant pleaded as if the amendment had been made, although it had not been. The *Hinchliffe* case was followed. In the *Boynton* case, *supra,* the suit was simply discontinued as to one of the defendants.

In the case at bar appellant did nothing that would warrant us in holding that he had waived his right to make the objection now urged. He objected to the granting of leave to amend and upon his motion for a new trial he pointed out that the verdict was greater than the amount claimed in the declaration and he assigned error in this court on that point.

We are of the opinion that there was sufficient evidence to make negligence and contributory negligence questions of fact for the jury. As appellee recovered a verdict and judgment for a larger amount than she claimed in her declaration, the judgment must be reversed unless she files a remittitur of $7,000 with the clerk of this court within 15 days from the filing of this opinion. If the remittitur is filed the judgment will be affirmed for $3,000, in which case appellee will pay two-thirds of the costs in this court and appellant one-third of the costs. If no remittitur is filed the judgment will be reversed and the cause remanded.

*Affirmed on filing remittitur of $7,000; otherwise reversed and remanded.*